■ FONTANA FABRICS, INC., et al., Respondents, v DALE HODGE et al., Doing Business as GENERAL FOUNTAIN COMPANY, Appellants.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered September 3, 1991, which denied defendants' motion for leave to amend their answer to include as an additional affirmative defense a waiver of subrogation contained in leases for plaintiffs' tenancies, and denied defendants' motion for summary judgment on the grounds of res judicata, collateral estoppel, statute of limitations, and failure to state a cause of action, unanimously affirmed, with costs.

Plaintiffs were tenants of a commercial building in which defendant General Fountain Co. also was a tenant. A fire occurred on General Fountain's premises, allegedly due to its negligence, causing smoke and water damage to plaintiffs. Defendants the Hodges are the building's owners and are also the principals of General Fountain.

After the plaintiffs recovered from their insurance company, the first action against the Hodges was dismissed on the basis of a waiver of subrogation clause in the plaintiffs' leases. However, this dismissal by operation of real property law has

no preclusive effect on the negligence action against General Fountain and its principals in their individual capacities. The Hodges acted in entirely different roles in the two actions. It is well established that a landlord's bargained-for limitation of liability does not extend to his personal negligence when he does not act in his capacity as landlord. In the present case, defendants were only sued as co-tenants *(see, Interested Underwriters v Ducor's, Inc.,* 103 AD2d 76, *affd* 65 NY2d 647).

Finally, we reject defendants' contention that the party named in the original complaint, General Fountain Corp., is a different entity for purposes of the statute of limitations from the party named in the amended complaint, General Fountain Co. Any confusion as to the company's business name was occasioned by defendants, who continued to do business in the corporate name even after the corporation was dissolved. At all relevant times, this defendant was on notice of the claims, tolling the statute of limitations (CPLR 203 [e]; *Bellini v Gersalle Realty Corp.,* 120 AD2d 345). Concur—Carro, J. P., Rosenberger, Wallach and Ross, JJ.