■ DELORES REINEMANN et al., Respondents, v STEWART'S ICE CREAM COMPANY, INC., Appellant. [656 NYS2d 546] —White, J. P. Appeal from an order of the Supreme Court (Williams, J.), entered July 17, 1996 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

On May 8, 1993, plaintiff Delores Reinemann (hereinafter plaintiff) stopped at a convenience store owned and operated by defendant to purchase some items. As she proceeded toward the store from the parking lot, she attempted to step up onto a concrete sidewalk next to the store but tripped on the curb and fell, injuring herself. Thereafter, she and her husband commenced this personal injury action against defendant. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant appeals.

A defendant moving for summary judgment has the initial burden of coming forward with admissible evidence showing

that plaintiff's cause of action lacks merit (see, *GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967). To meet this burden, defendant was required to establish as a matter of law that it maintained its premises in a reasonably safe condition (see, *Jackson v Supermarkets Gen. Corp.*, 214 AD2d 650, 651; see also, 4C Warren, Negligence in the New York Courts, Stores, § 120.01 [2], at 356 [4th ed]) and that it did not have actual or constructive notice of the defect or that it did not create the allegedly dangerous condition (see, *Grimes v Golub Corp.*, 188 AD2d 721, 722).

Initially, we note that defendant did not meet its burden with respect to notice in that, other than establishing lack of actual notice, it failed to adduce proof that it lacked constructive notice or that it did not create the dangerous condition (see, *Cobrin v County of Monroe*, 212 AD2d 1011, 1012).

We further conclude that defendant did not establish as a matter of law that it maintained its premises in a reasonably safe condition. The theory of plaintiffs' case is that the sidewalk, curb and adjacent parking lot at defendant's premises were constructed and/or designed in a negligent manner. In particular, plaintiffs allege that while the actual height of the curb is seven inches, the effective height of the curb is approximately $8\frac{1}{2}$ inches when the sloping nature of the parking lot leading to the curb is taken into consideration. Plaintiffs maintain that this constitutes a dangerous condition violative of the New York State building code and is contrary to industry standards.

In support of its motion for summary judgment, defendant submitted the affidavit of Richard Pikul, a professional engineer, who took measurements of the sidewalk, curb and abutting pavement. Based upon his examination, Pikul opined that plaintiff was not required to step up a height greater than eight inches when ascending the curb notwithstanding the fact that the parking lot sloped away from the curb. He further opined that the sidewalk and curb in the area of plaintiff's fall did not violate any building code, rules, regulations or definable industry practices.

However, plaintiffs' papers clearly raise questions of fact regarding the negligent construction and/or design of the curb, parking lot and sidewalk in the vicinity of plaintiff's fall. Their architect, William Cooper, averred that his inspection of the premises disclosed that the curb where plaintiff tripped was seven inches in height. He further stated that his measurements of the parking lot sloping away from the curb revealed that, over a distance of nine feet, the parking lot sloped

downward 17 inches, more than an inch per foot. Cooper opined that the effective height of the curb, due to the slope of the parking lot, was in excess of eight inches and contrary to the standards promulgated by the American Institute of Architects.

In view of the foregoing and because the record presents credibility issues, we find that Supreme Court properly denied defendant's motion (*see, Roundpoint v V.N.A., Inc.*, 207 AD2d 123, 126-127; *Zaransky v Froccaro*, 178 AD2d 594, 595).

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.