■ STANLEY WISHNICK et al., Respondents, v BOLLINGER INDUSTRIES, INC., Appellant, and LEISURE MARKETING, INC., et

al., Respondents. [687 NYS2d 17] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about September 16, 1998, which denied defendant's motion for summary judgment, and granted plaintiffs' cross motion to amend the caption and pleadings such that "Bollinger Industries, Inc." shall read "Bollinger Sports, Inc.", unanimously affirmed, with costs.

Plaintiff was allegedly injured by a defective chinning bar imported by a closely held Texas corporation named Bollinger Industries, Inc. After the accident, but before the lawsuit was commenced, the principals of this Texas corporation formed another corporation in Delaware bearing the same name, and changed the name of the Texas corporation to Bollinger Sports. Not knowing of this, plaintiffs sued the new Delaware corporation, "Bollinger Industries, Inc." Such corporation moved for summary judgment after the Statute of Limitations had run, but the court properly denied the motion and granted plaintiffs' cross motion to change the corporate names in the pleadings and caption to reflect that defendant is "Bollinger Sports, Inc.", the new name of the Texas corporation that sold the chinning bar. Such result is warranted because plaintiffs' confusion regarding the name of the corporation that sold the chinning bar was occasioned by the principals of both corporations, who created a new corporation with the same name as the old one, and who at all relevant times also knew of plaintiffs' injury claim and of plaintiffs' misapprehension regarding the Texas corporation's name change, and, except for the running of the Statute of Limitations, otherwise fail to show how the Texas corporation would be prejudiced by the amendment (*see, Fontana Fabrics v Hodge*, 187 AD2d 378, 379; *Public Serv. Mut. Ins. Co. v Joyce*, 182 AD2d 535). Concur—Sullivan, J. P., Rosenberger, Tom and Lerner, JJ.