■ LEIF A. BINGELL, Appellant, v COUNTY OF SCHUYLER, Respondent. [688 NYS2d 839] —Peters, J. Appeal from an order of the Supreme Court (Ellison, J.), entered July 6, 1998 in Schuyler County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action for personal injuries he sustained when a handrail gave way causing him to fall on defendant's stairway. Following joinder of issue, defendant moved for summary judgment alleging that its lack of notice of the defective condition was fatal to plaintiff's claim. In support

of its motion, defendant submitted the examination before trial testimony of two of its employees: David Lisk, the building maintenance supervisor, and Lyle Gates, the building cleaner. Lisk testified that there had been no repairs to or problems with the handrail prior to the time of the accident, and Gates stated that he regularly cleaned the railing and that he had not noticed anything unsturdy about the handrail.

In opposition to defendant's motion, plaintiff submitted the affidavit of an expert engineer who opined that the handrail had been improperly installed in the first instance and, based on his finding of a black adhesive substance at the location of the handrail brackets, that the handrail had come loose in the past and inadequate attempts were made to re-anchor the hardware to the wall. Supreme Court granted defendant's motion and this appeal by plaintiff ensued.

Initially, we note that "[a] defendant moving for summary judgment has the initial burden of coming forward with admissible evidence showing that plaintiff's cause of action lacks merit" (*Reinemann v Stewart's Ice Cream Co.*, 238 AD2d 845, 845-846). To meet this burden, defendant must establish that it did not create the dangerous condition on the property and that it did not have actual or constructive notice of the allegedly dangerous condition (*see, Warren v Wilmorite, Inc.*, 211 AD2d 904, 905; *Lowrey v Cumberland Farms*, 162 AD2d 777, 778).

Although the record establishes that defendant had no actual notice of the alleged defective condition, we conclude that it does not establish the defense of lack of constructive notice as a matter of law. We find that conflicting evidence on the issue of whether defendant should have known that a defect existed constitutes a question of fact which should have precluded an award of summary judgment (*see, Slomin v Skaarland Constr. Corp.*, 207 AD2d 639, 641). Moreover, viewing the evidence in the light most favorable to plaintiff, the expert affidavit also creates an issue of fact as to whether defendant created the defective condition during the original installation of the railing. Where there is doubt as to the existence of a triable issue or where the issue is arguable, summary judgment should not be granted (*see, id.*, at 641). Accordingly, we conclude that summary judgment was inappropriately granted in favor of defendant.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.