■ KATHERINE MACHAC, Appellant, v FERDINAND ANDERSON et al., Respondents. [690 NYS2d 762] —Mercure, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered August 19, 1998 in Ulster County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff injured her lower back when she fell from a horse on September 2, 1993. She was taken by ambulance to defendant Benedictine Hospital (hereinafter the hospital), where she

was examined by defendant Ferdinand Anderson, an emergency room physician. Anderson ordered X rays of plaintiff's lower back, which were interpreted by a staff radiologist, defendant David J. Hall. Based upon their respective review of the X rays, Hall and Anderson each concluded that no abnormalities were present. Several months later, plaintiff was treated by a chiropractor, who concluded that plaintiff had sustained a fracture of her L-1 vertebra in the September 2, 1993 accident and that the absence of prompt treatment resulted in an autofusion of her L-1 and T-12 vertebrae and a permanent partial disability. This action ensued.

Approximately 120 to 125 days following the filing of the note of issue, Hall, Anderson and the hospital each separately moved for summary judgment dismissing the complaint. Supreme Court granted Anderson and the hospital nunc pro tunc leave to move for summary judgment more than 120 days following the filing of the note of issue (see, CPLR 3212 [a]) and then granted the motions and dismissed the complaint against all three defendants. Plaintiff appeals.

Hall supported his summary judgment motion with his own affidavit* wherein he acknowledged that his subsequent review of plaintiff's X rays (following commencement of this action) showed "a slight deformity of the L-1 vertebra, which could have been a fracture". Nonetheless, Hall states that in reviewing the X rays he "followed all appropriate and accepted medical practices and procedures and exercised ordinary and reasonable care when doing so" and also that he exercised his best medical judgment in his reading of the September 2, 1993 X rays and in preparing his report thereon. Finally, he states that "[a]ny misreading of those X-rays was solely an error in medical judgment and does not constitute medical malpractice".

Although, if specific and factual in nature, the affidavit of a party to an action may suffice to make out a prima facie case (see, Kelly v St. Peter's Hospice, 160 AD2d 1123, 1124), we conclude that Hall's averments do not measure up to that standard. In our view, the only relevant evidentiary facts to be gleaned from Hall's affidavit are that the X rays he reviewed revealed, and he failed to observe, a deformity to plaintiff's L-1 vertebra which may have been a fracture. The balance of his averments, as previously set forth, are wholly conclusory. Fundamentally, affidavits "which [do] no more than simply state, in conclusory fashion, that [the physician has] acted in conformity with the appropriate standard of care * * * [or]

---

* Hall also submitted excerpts from the testimony at his deposition and Anderson's deposition but does not rely upon that evidence.

'bare conclusory assertions * * * that [the physician] did not deviate from good and accepted medical practices, with no factual relationship to the alleged injury, do not establish that the cause of action has no merit so as to entitle [the movant] to summary judgment'" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 325-326, quoting *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Under the circumstances, we conclude that Hall failed to meet his initial burden of making a prima facie showing of entitlement to judgment as a matter of law and that his motion should have been denied regardless of the sufficiency of the opposing evidentiary showing (*see, Winegrad v New York Univ. Med. Ctr., supra*, at 853).

We reach a different conclusion, however, with regard to Anderson. Unlike Hall, Anderson submitted a detailed affidavit setting forth the accepted standard of care for an emergency room physician attending to a patient such as plaintiff (i.e., an accident victim complaining of lower back pain with no radiation) and providing prima facie evidence of his adherence to that standard by conducting a physical examination, ordering X rays, making a preliminary review of the X rays and then obtaining the opinion of a radiologist for an "official interpretation" (*see, Stuart v Ellis Hosp.*, 198 AD2d 559). Further, in view of the fact that Anderson released plaintiff with instructions to follow up with her own physician and that the ultimate interpretation of the X ray, the one that plaintiff would logically rely upon, was provided by Hall, we conclude that Anderson made a competent evidentiary showing that his failure to correctly interpret the X ray was not a proximate cause of plaintiff's claimed damages (*see, Koeppel v Park*, 228 AD2d 288, 290).

In opposition to Anderson's prima facie showing, plaintiff merely produced the affidavit of her treating chiropractor. Notably, a chiropractor is not licensed to interpret X rays for the detection of fractures (*see*, Education Law § 6551 [2] [a]) and is not competent to render an opinion in that regard (*see, Crozier v Lesniewski*, 195 AD2d 657). Accordingly, Supreme Court correctly granted Anderson's motion for summary judgment.

Inasmuch as the hospital's liability, if any, is solely vicarious, we conclude that Supreme Court correctly dismissed so much of the complaint against it as was predicated upon Anderson's alleged malpractice but erred in dismissing so much as was predicated upon Hall's. As a final matter, in the absence of any showing (or even allegation) of prejudice, we are unpersuaded that Supreme Court erred in granting Hall and the hospital leave to move for summary judgment a matter of a

few days beyond the 120-day period specified in CPLR 3212 (a) (*see, Rossi v Arnot Ogden Med. Ctr.*, 252 AD2d 778, 779-780).

Cardona, P. J., Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted summary judgment in favor of defendant David J. Hall and so much thereof as granted summary judgment in favor of defendant Benedictine Hospital dismissing so much of the complaint against said defendant as alleged its vicarious liability for the conduct of defendant David J. Hall; said motions denied to that extent; and, as so modified, affirmed.