■ CINDY L. MOSHER, Respondent, v TOWN OF OPPENHEIM et al., Appellants. [692 NYS2d 784] —Cardona, P. J. Appeal from an order of the Supreme Court (Best, J.), entered April 28, 1999 in Fulton County, which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint.

On December 30, 1992, while driving during a snowstorm on Sweet Hill Road in the Town of Oppenheim, Fulton County, plaintiff lost control of her automobile and struck a tree. Thereafter, she commenced this action against defendant Town of Oppenheim and its Department of Public Works alleging that the accident was due to "defendants' negligence in * * * failing to properly design, construct, maintain and sign Sweet Hill Road". Following joinder of issue, defendants moved for summary judgment dismissing the complaint alleging plaintiff's failure to comply with the prior written notice requirements of Local Laws, 1976, No. 1 of the Town of Oppenheim. After oral argument on the motion, plaintiff moved to supplement her

responsive papers by submitting the affidavit of Alvin Bryski, a consultant who provided an opinion concerning alleged design and construction defects of the road. Supreme Court granted plaintiff's motion and denied summary judgment to defendants, resulting in this appeal.

Initially, it is well settled that "if the complaint alleges that the municipality created or caused the hazardous condition, prior written notice is not required to maintain the action" (*Hogan v Grand Union Co.*, 126 AD2d 875, 876; *see, Merchant v Town of Halfmoon*, 194 AD2d 1031, 1032). Plaintiff has alleged various affirmative acts of negligence by defendants including negligent design, construction, maintenance and signing of the road which obviate the necessity of complying with the Town's prior written notice statute (*see, e.g., Alexander v Eldred*, 63 NY2d 460, 467). Nevertheless, based upon our review of plaintiff's proof, her burden of coming forward with evidence raising a question of fact concerning the active negligence of defendants has not been satisfied. In this regard, plaintiff relies upon the affidavit of Bryski who opined that "[t]he roadway is * * * sloped at an excessive rate", "[t]he pavement is in very poor condition" and "[t]he road is only 16 feet wide". Even setting aside the fact that Bryski is not a licensed professional engineer, his affidavit fails to provide any specific facts or observations supporting these conclusions nor does it reference industry standards and/or practices which, if implemented, would have remedied the claimed defects (*see, Morrison v Flintosh*, 163 AD2d 646, 647-648; *see also, Romano v Stanley*, 90 NY2d 444). Inasmuch as Bryski's affidavit lacks probative force to establish a prima facie case of active negligence by defendants, defendants were entitled to summary judgment dismissing the complaint.

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as denied defendants' motion for summary judgment; said motion granted, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed.