■ MOUNTAIN CANDY & CIGAR COMPANY, INC., Doing Business as MOUNTAIN/SERVICE DISTRIBUTORS, Respondent, v DAIRY MART CONVENIENCE STORES, INC., Appellant. [699 NYS2d 234] —Spain, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered March 17, 1999 in Sullivan County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action for an account stated seeking to recover the balance due for merchandise sold and delivered between June 2, 1996 and July 3, 1996 to a Dairy Mart store allegedly owned by defendant. Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the ground that, at the time of the sales at issue, the Dairy Mart store was owned and operated by a franchisee who was responsible for the debt. Finding that defendant failed to produce sufficient documentary evidence establishing its entitlement to judgment as a matter of law, Supreme Court denied the motion. Defendant appeals.

We affirm. In support of its motion for summary judgment, defendant relied upon the deposition testimony of defendant's former director of operations and plaintiff's chief financial officer indicating that the Dairy Mart store had been operated by a franchisee for a period of time but was ultimately taken over by defendant. While defendant's former director of operations testified that defendant last operated this store as a "corporate store" in 1994-1995 and that he believed defendant did not resume control over this store from the franchisee until after the 1996 sales at issue, he was not certain of the date defendant entered the franchise agreement or when defendant resumed full control of the store.

Plaintiff's chief financial officer testified that plaintiff had been informed, prior to setting up an account or doing business with the store, that defendant acted as the store's bill processing agent, but the store was operated by a franchisee who was responsible for his own bills. However, although plaintiff's chief financial officer also stated that plaintiff was thereafter advised that defendant had taken over the store from the franchisee, his testimony was not clear as to whether this takeover occurred after all of the sales at issue. Neither witness established as a matter of law that, at the time of the sales at issue, defendant was not the party responsible for the bills for the merchandise provided by plaintiff.

Moreover, defendant failed to produce any documentary evidence whatsoever to support its contention that it had relinquished ownership and/or control of the store to the

franchisee prior to and at the time of the deliveries of the merchandise in question. Under these circumstances, defendant failed to make a prima facie showing of entitlement to judgment as a matter of law and, therefore, Supreme Court properly denied defendant's motion without considering the sufficiency of plaintiff's opposing evidence (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Machac v Anderson*, 261 AD2d 811, 812-813).

In light of the foregoing conclusion, we need not address defendant's request for costs and sanctions against plaintiff.

Mikoll, J. P., Crew III, Yesawich Jr. and Mugglin, JJ. concur. Ordered that the order is affirmed, with costs.