■ MARLENE WOLTNER et al., Appellants, v EUGENE WEISS et al., Doing Business as PLAZA AT LATHAM ASSOCIATES, et al., Respondents. [716 NYS2d 754] —Crew III, J. P. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered September 29, 1999 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Marlene Woltner and her spouse, derivatively, commenced this action seeking to recover for injuries allegedly sustained by Woltner when she slipped and fell in front of a store operated by defendant J.C. Penney Company, Inc. at Latham Circle Mall in the Town of Colonie, Albany County. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint contending, *inter alia*, that plaintiffs failed to demonstrate that defendants either created or had actual or constructive notice of the dangerous condition allegedly giving rise to Woltner's fall. Supreme Court granted defendants' respective motions, prompting this appeal by plaintiffs.

We affirm. Although the parties debate whether plaintiffs sufficiently established the cause of Woltner's fall, that issue need not detain us. Assuming, without deciding, that Woltner indeed slipped on a clear, plastic hanger outside the entrance to the store, the case law makes clear that a plaintiff in a slip and fall case such as this must establish that the defendant either created the dangerous or defective condition or had actual or constructive notice thereof (*see, Malossi v State of New York*, 255 AD2d 807; *see also, Tkach v Golub Corp.*, 265 AD2d 632, 633). This plaintiffs failed to do.

As a starting point, there is nothing in the record to suggest,

much less establish, that defendants created the allegedly dangerous condition at issue here. With respect to the issue of notice, defendants submitted an affidavit from the store manager, who acknowledged that the store was having a sidewalk sale on the day of Woltner's accident. The manager averred, however, that the sale ended, the merchandise was returned to the store, all debris was picked up and the maintenance staff swept and mopped the area where Woltner fell approximately 30 to 40 minutes prior to the accident. Defendants also tendered an affidavit from a member of the store's loss prevention detail, who averred that she had participated in the clean-up effort following the end of the sidewalk sale and confirmed that all refuse was picked up at that time. Such proof plainly was sufficient to satisfy defendants' initial burden of demonstrating their lack of actual or constructive notice of the dangerous condition that allegedly caused Woltner's injury (*see, Van Winkle v Price Chopper Operating Co.*, 239 AD2d 692, 693 [area cleaned 35 to 40 minutes prior to the accident at issue]). As plaintiffs failed to come forward with sufficient proof to raise a question of fact in this regard, defendants' motions for summary judgment were properly granted.

Spain, Carpinello, Graffeo and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.