■ JEAN M. BABBIE et al., Respondents, v GILBERT BOISVERT, Individually and as an Officer of HOLY ANGELS CHURCH, et al., Appellants. [722 NYS2d 612] —Mugglin, J. Appeal from an order of the Supreme Court (Lahtinen, J.), entered January 11, 2000 in Clinton County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Jean M. Babbie (hereinafter plaintiff) and her husband, derivatively, commenced this negligence action for personal injuries sustained when she fell while attempting to sit at a picnic table owned by defendants. Plaintiffs alleged, *inter alia*, that defendants were negligent in failing to properly design the picnic table in that the seat was too narrow and too close to the table and/or by allowing this defectively designed picnic table to be used by individuals on their property. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendants appeal.

We reverse. "A defendant moving for summary judgment has the initial burden of coming forward with admissible evidence showing that plaintiff's cause of action lacks merit" (*Reinemann v Stewart's Ice Cream Co.*, 238 AD2d 845, 845-846). To meet this burden, defendants were required to establish that they did not create the allegedly dangerous condition or have actual or constructive notice thereof (*see, Bingell v County of Schuyler*, 260 AD2d 926; *Warren v Wilmorite, Inc.*, 211 AD2d 904). Defendants' submissions proved that they played no role in the design or construction of the picnic table at issue, that it

was well maintained and that there had been no prior incidents, complaints or claims relating to the picnic tables— despite their past use literally thousands of times—which would have provided them with either actual or constructive notice that the picnic table seat was too narrow and too close to the table. Thus, Supreme Court erred when it determined defendants' submissions to be insufficient to eliminate material issues of fact (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). The burden thus shifts to plaintiff to submit evidence raising a triable issue of fact (*see, Burton v Ertel*, 107 AD2d 909, 910).

In opposition, plaintiffs' submissions focused only on the allegedly defective design of the picnic table. They offered no evidence sufficient to create a triable issue of fact that defendants either created a defective condition or had actual or constructive notice of such. Under these circumstances, we conclude that there is no basis for imposing liability upon defendants and their motion for summary judgment should have been granted (*see, Woltner v Weiss*, 277 AD2d 804; *Whiting v Bella Vista Dev. Corp.*, 267 AD3d 662; *Forester v Golub Corp.*, 267 AD2d 526).

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.