■ Dolores Slazak, as Executrix of Richard Slazak, Deceased, Appellant, v Michael Capozzi, Respondent. [727 NYS2d 369] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff and her husband previously commenced an action alleging that defendant's negligence caused the injuries that they sustained in a motor vehicle accident. Plaintiff's husband died during the pendency of that action, and plaintiff commenced the instant action against the same defendant to recover damages for her husband's wrongful death, which allegedly resulted from the same injuries. Defendant's motion to dismiss the wrongful death complaint was denied (*see, Slazak v Capozzi,* 265 AD2d 877), and defendant thereafter moved for summary judgment dismissing the complaint.

Supreme Court erred in granting defendant's motion. Defendant failed to meet his initial burden of establishing his entitlement to judgment as a matter of law (*cf., Machac v Anderson,* 261 AD2d 811, 812-813; *S'Doia v Dhabhar,* 261 AD2d 968). Among its other deficiencies, the affidavit of defendant's expert is conclusory and therefore insufficient to demonstrate the lack of any causal connection between the accident and the death of plaintiff's husband (*cf., Alvarez v Prospect Hosp.,* 68 NY2d 320, 325-326; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). In any event, the affidavit of plaintiff's expert raises a triable question of fact on the issue of causation (*see, Shay v Palombaro,* 229 AD2d 697, 699-700). (Appeal from Order of

Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Green, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.