■ LILLIAN SUAREZ et al., Appellants, v D&C MANAGEMENT ASSOCIATES, INC., Doing Business as PONDEROSA, Respondent. [726 NYS2d 763] —Rose, J. Appeals (1) from an order of the Supreme Court (Kane, J.), entered March 8, 2000 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff Lillian Suarez (hereinafter plaintiff) and her spouse, derivatively, commenced this action to recover for injuries sustained when she slipped and fell on the recently seal-coated surface of defendant's asphalt parking lot during a rainstorm. Plaintiffs appeal Supreme Court's grant of defendant's motion for summary judgment dismissing the complaint, and we affirm.

Initially, plaintiffs do not challenge Supreme Court's finding that defendant met its burden of establishing that it did not create the allegedly dangerous condition or have notice of it (*see, Bingell v County of Schuyler*, 260 AD2d 926, 927). Defendant's proof shifted the burden to plaintiffs to present evidence raising a triable issue of fact (*see, Babbie v Boisvert*, 281 AD2d 845). To meet this burden, plaintiffs rely on the affidavit of their civil engineer, Alvin Bryski, who stated that he visited the parking lot on two occasions at three months and 11 months after plaintiff's fall, observed a variation in the color of the asphalt between his two visits, and measured the surface's coefficient of friction on his later visit to be 0.55, which he characterized as "only marginally above the accepted bare minimum coefficient of friction required for safety, which is 0.5." Based on his observations and the fact that the sealant had been applied three or four weeks prior to the accident, Bryski

opined that application of an excessive amount of sealant caused a coefficient of friction "substantially below the minimum safety limit" on the day of the accident and had been a substantial factor contributing to plaintiff's fall.

Supreme Court correctly held that Bryski's affidavit lacked the probative force necessary to establish negligence. His statements were conclusory with few underlying facts, and he failed to identify or reference specific industry safety standards (*see, Mosher v Town of Oppenheim*, 263 AD2d 605, 606; *Bova v County of Saratoga*, 258 AD2d 748, 750; *Guldy v Pyramid Corp.*, 222 AD2d 815, 816). He also failed to state where in the parking lot he made the observations and measurements that he provided, and he did not assert that he tested the area where plaintiff fell (*see, Murphy v Conner*, 84 NY2d 969, 972). As a result, Bryski's affidavit furnished no probative evidence that defendant or its independent contractor created a dangerous condition. Moreover, as the slippery condition allegedly was the result of the presence of rain water on the asphalt surface, plaintiffs' proof failed to address the issue of whether defendant had actual or constructive notice of the resulting condition (*see, Babbie v Boisvert, supra*, at 846). There is no claim of actual notice and no proof that the slippery condition caused by the rain had existed long enough or was a known recurring condition sufficient to impute constructive notice to defendant (*cf., Kivlan v Dake Bros.*, 255 AD2d 782, 783). Based on the foregoing, we conclude that plaintiffs failed to meet their burden of raising triable issues of fact and Supreme Court properly granted defendant's motion for summary judgment.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with costs.