■ DAVID J. BERKELEY, Appellant, v RENSSELAER POLYTECHNIC INSTITUTE et al., Respondents. [733 NYS2d 537] —Cardona, P. J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered October 25, 2000 in Rensselaer County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for injuries he sustained when, on November 20, 1992, a bank of freestanding metal lockers fell on him at the 87 Gymnasium located on the campus of defendant Rensselaer Polytechnic Institute (hereinafter RPI) in the City of Troy, Rensselaer County.[1] The row of eight metal lockers were approximately six feet tall and placed against a wall in a corner near the basketball court. They were not secured to the wall or floor in any manner. While playing basketball, plaintiff temporarily left the game to do some stretching on the floor approximately two to three feet from the lockers. While plaintiff was stretching, he heard an argument on the court and looked in that direction. After hearing noise from behind him, plaintiff turned around and observed the lockers already falling on him. Plaintiff indicated that he saw no one in the vicinity of the lockers prior to the accident.

Although plaintiff did not see why the locker bank fell, he nevertheless alleges, *inter alia*, that RPI created a dangerous

---

1. RPI owns the building with the purchase financed through a bond issued by defendant Dormitory Authority of the State of New York.

condition by failing to secure the lockers to the premises regardless of whether they fell on their own or due to the application of deliberate force. In addition, plaintiff asserts that, even if the lockers fell through the action of an unknown person, such an occurrence was foreseeable and preventable given the likelihood of "horseplay" in a student gymnasium. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. In support of their motion, defendants submitted, *inter alia*, an affidavit from Gerald Davis, the RPI "night equipment" worker, who indicated that RPI personnel placed the lockers in the gymnasium in 1985. He reported that there were no complaints or problems with the lockers prior to plaintiff's accident. Also submitted was an affidavit from a materials engineer, Vito Colangelo, opining, *inter alia*, that these freestanding lockers were in conformity with industry standards, codes and regulations. He submitted that they could not have "fallen over as a result of some natural occurrence or by casual contact, but would have needed a deliberate force applied * * * with a tensile force of at least 31 pounds." In response to the motion, plaintiff submitted, *inter alia*, an affidavit from Irving Paris, an architect, who opined that good and accepted practice dictated that the lockers be secured to the building to prevent foreseeable injuries. Supreme Court granted defendants' motion and plaintiff appeals.[2]

It is axiomatic that a landowner has a duty to maintain its property in a reasonably safe condition to prevent foreseeable injuries (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519). " 'A defendant moving for summary judgment has the initial burden of coming forward with admissible evidence showing that plaintiff's cause of action lacks merit' " (*Babbie v Boisvert*, 281 AD2d 845, quoting *Reinemann v Stewart's Ice Cream Co.*, 238 AD2d 845, 845-846). To meet its burden in the case herein, RPI was required to establish by competent proof "that [it] did not create the allegedly dangerous condition or have actual or constructive notice thereof" (*Babbie v Boisvert, supra*, at 845).

Upon review of the proof submitted by RPI in support of its motion, we conclude that its initial burden was not met. The affidavit of Colangelo contains conclusory findings unsupported

2. We note that plaintiff did not oppose the Dormitory Authority's request for summary judgment. Although plaintiff appealed from the order in its entirety, he makes no argument that summary judgment was improperly granted to the Dormitory Authority, therefore, we deem any challenge in that regard to have been abandoned (*see, Matter of Lehigh Portland Cement Co. v Assessor of Town of Catskill*, 263 AD2d 558).

by foundational facts or any detail as to the identity of the "prevailing manufacturing and industry standards" or "building codes and regulations" supporting his opinion that the lockers were designed to be freestanding. Furthermore, Colangelo premises his conclusion that it was physically impossible for the lockers to fall as a result of some natural occurrence or by casual contact upon his application of "a test with the locker bank by using a weight." No specific explanation or detail is provided as to the type of test employed or its reliability. As this Court has previously indicated, expert affidavits of this nature are insufficient to justify the drastic relief of summary judgment inasmuch as such proof, "if offered alone at trial, [would not] support a verdict in the proponent's favor" (*Martin v Village of Tupper Lake*, 282 AD2d 975, 977, quoting *Romano v Stanley*, 90 NY2d 444, 451-452). Since the proof was insufficient to meet RPI's initial burden on the summary judgment motion (*see*, CPLR 3212 [b]), it should have been denied.

Mercure, Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as granted defendant Rensselaer Polytechnic Institute's motion for summary judgment dismissing the complaint against it; said motion denied; and, as so modified, affirmed.