■ Federico Cuevas, Respondent, v Quandt's Foodservice Distributors, Inc., et al., Appellants. [775 NYS2d 429]—

Kane, J. Appeal from an order of the Supreme Court (Best, J.), entered January 24, 2003 in Montgomery County, which

denied defendants' motions for summary judgment dismissing the complaint.

A fire broke out in a warehouse owned by defendant William L. Petrosino and leased to defendant Quandt's Foodservice Distributors, Inc. The fire spread through an adjacent building also owned by Petrosino and resulted in smoke and water damage to plaintiff's neighboring building, from which firefighters fought the fire. Plaintiff commenced this action for property damage, alleging that the fire started and spread because of defendants' negligence. Defendants moved for summary judgment dismissing the complaint, and now appeal from Supreme Court's denial of those motions.

Initially, it is irrelevant that the flames did not reach plaintiff's property. Smoke and water damage to adjacent property are foreseeable consequences of a fire, and plaintiff may recover for such damage if he establishes defendants' breach of duty and proximate cause (*see Excelsior Ins. Co. v Auburn Local Dev. Corp.,* 294 AD2d 861 [2002]; *Fontana Fabrics v Hodge,* 187 AD2d 378 [1992]).

Defendants failed to establish their entitlement to summary judgment. They had the burden to come forward with admissible evidence that plaintiff's cause of action had no merit (*see Berkeley v Rensselaer Polytechnic Inst.,* 289 AD2d 690, 691 [2001]; *Babbie v Boisvert,* 281 AD2d 845, 845 [2001]). Conclusory assertions are insufficient to meet this burden (*see Parks v Greenberg,* 161 AD2d 467, 468-469 [1990], *appeal dismissed* 76 NY2d 888 [1990], *lv denied* 76 NY2d 712 [1990]). Defendants failed to present evidence that their negligence did not permit the fire to spread. The affidavit by the manager of Quandt's stating that nothing flammable was stored in the warehouse was not only conclusory, but was called into question by his deposition testimony that cleaning products and furniture polish were stored there. Significantly, defendants did not adequately address the combustibility of the cleaning products nor the manner in which those products and other flammable materials were stored. Questions of fact exist regarding whether the fire spread because of defendants' negligent storage of flammable materials.

The fire investigation report indicated that there was no sprinkler system where the fire began. As defendants did not meaningfully address this statement, which supports plaintiff's theory that defendants' failure to install or maintain adequate fire safety devices allowed the fire to spread, a question of fact remains on that issue (*see Griswold v Ringling,* 165 App Div 737, 739 [1915], *affd* 221 NY 705 [1917]). As defendants failed

to establish their entitlement to summary judgment, Supreme Court properly denied their motions.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.