■ KEVEN MCDONALD, Appellant-Respondent, v SUNSTONE ASSOCIATES, Respondent-Appellant, and SPRING SCAFFOLDING, INC., Respondent. (And a Third-Party Action.) [837 NYS2d 157]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated October 5, 2004, as granted that branch of the motion of the defendant Spring Scaffolding, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and denied his cross motion for summary judgment against the defendants Spring Scaffolding, Inc., and Sunstone Associates on the issue of liability, and the defendant Sunstone Associates appeals, as limited by its brief, from so much of the same order as granted the motion of the defendant Spring Scaffolding, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Spring Scaffolding, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendant Spring Scaffolding, Inc., to the plaintiff and the defendant Sunstone Associates.

The defendant Spring Scaffolding, Inc. (hereinafter Spring), built a scaffold over the sidewalk adjacent to a building owned by the defendant Sunstone Associates (hereinafter Sunstone). About two months after the scaffold was completed, the third-party defendant, Seasons Floral Studio (hereinafter Seasons), whose store was located on the first floor of Sunstone's building, installed a sign on a section of the scaffold. Approximately two months later, the plaintiff, a pedestrian, was injured when a section of the scaffolding with Seasons' sign still attached to it, dislodged and fell on him while he was standing on the street corner near Sunstone's building.

The plaintiff commenced this action against Spring and Sunstone. The defendants asserted cross claims against one another for indemnification and/or contribution, and Spring com-

menced a third-party action against Seasons. Spring moved for summary judgment dismissing the complaint and all cross claims asserted against it, and the plaintiff cross-moved for summary judgment against Spring and Sunstone on the issue of liability. The Supreme Court granted Spring's motion and denied the cross motion.

The Supreme Court erred in granting Spring's motion for summary judgment. Spring's liability in this case "may be predicated upon its erection of a defective or dangerous structure built upon real property owned by another" (*Phillips v Seril*, 209 AD2d 496 [1994]). In support of its motion, Spring failed to tender any competent evidence showing that it did not defectively erect the scaffold. In particular, the affidavit of Spring's operations manager, Kevin Corno, which stated, inter alia, that "[a]ll bridges built by SPRING SCAFFOLDING, INC. are constructed in conformity with all industry standards, ordinances, codes, rules, regulations and customer specification," was not sufficiently specific to establish, prima facie, a lack of negligence on Spring's part (*see Seefeldt v Johnson*, 13 AD3d 1203 [2004]; *Berkeley v Rensselaer Polytechnic Inst.*, 289 AD2d 690, 691-692 [2001]; *Slazak v Capozzi*, 284 AD2d 1005 [2001]). Moreover, Corno's conclusory opinion that Seasons' sign caused a part of the scaffold to fall was purely speculative. At his earlier deposition, Corno testified that he "never really reached a conclusion" as to whether the sign caused the accident, that "a lot of things" could have caused part of the scaffold to fall, and that his belief that the sign may have played a part in the accident was not based on anything specific but was "just [his] opinion." Thus, Spring failed to establish its prima facie entitlement to judgment as a matter of law, and its motion for summary judgment should have been denied (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]).

That branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against Spring was properly denied. Although the Supreme Court improperly denied that branch of the motion as untimely (*see Grande v Peteroy*, 39 AD3d 590 [2007] [decided herewith]), nevertheless, that branch of the motion was properly denied because the plaintiff failed to demonstrate his prima facie entitlement to summary judgment. Specifically, he failed to show, through competent evidence (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]), that the accident was due to Spring's negligence in erecting the scaffold and not some other cause (*see Ayotte v Gervasio, supra*). Moreover, the plaintiff was not entitled to summary judgment on the issue of liability under the theory of res ipsa loquitur.

Because that doctrine is a rule of evidence, which merely provides a permissible inference of negligence rather than a presumption, its application as a basis for an award of summary judgment as to liability in favor of the plaintiff in this case is inappropriate (*see Morejon v Rais Constr. Co.,* 7 NY3d 203 [2006]).

That branch of the plaintiff's motion which was for summary judgment on the issue of liability against Sunstone was properly denied as untimely (*see Brill v City of New York,* 2 NY3d 648 [2004]). Florio, J.P., Ritter, Fisher and Lifson, JJ., concur.