OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed without costs.
Plaintiff, the subrogee of its insureds Frances Poole and Everald Poole, commenced this action to recover the sum of $6,037.98 for smoke and water damage sustained to its insureds’ premises as a result of a fire which had originated in defendant’s residence. Defendant’s residence is part of an attached two-home structure adjacent to the insureds’ residence. Plaintiff moved for summary judgment. The Civil Court granted the motion, finding that plaintiff had demonstrated its entitlement to summary judgment and that defendant had failed to raise a triable issue of fact.
On appeal, defendant contends that the court erred in not finding that the insureds were comparatively negligent by virtue of their culpable conduct. Defendant states that the Pooles, the insureds, were warned by a neighbor to return to their house to close their windows while the firefighters were engaged in putting out the fire. Defendant asserts that because the Pooles did not reenter their house to close their windows, a question of fact is raised as to whether the Pooles’ failure to do so constituted comparative negligence.
“Smoke and water damage to adjacent property are foreseeable consequences of a fire, and plaintiff may recover for such damage if he established defendantt’s] breach of duty and proximate cause” (Cuevas v Quandt’s Foodservice Distribs., 6 AD3d 973, 974 [2004]; see Excelsior Ins. Co. v Auburn Local Dev. Corp., 294 AD2d 861 [2002]; Fontana Fabrics v Hodge, 187 AD2d 378 [1992]). Here, it is undisputed that the source of the fire was a frying pan located on the stove in defendant’s house. In our view, under the circumstances presented, the Civil Court properly found as a matter of law that the insureds’ alleged failure to close their windows while firefighters were fighting the blaze did not constitute culpable conduct on the part of the insureds so as to raise a triable issue of fact. Accordingly, the order of the Civil Court granting plaintiffs motion for summary judgment is affirmed.