■ CINDI L. LAFOUNTAIN et al., Respondents, v CHAMPLAIN VALLEY PHYSICIANS HOSPITAL MEDICAL CENTER et al., Appellants, and OLOF FRANZON et al., Respondents. [949 NYS2d 270]—

Kavanagh, J.

In 2007, plaintiff Cindi L. LaFountain (hereinafter plaintiff) underwent a hysterectomy and bilateral salpingo-oophroectomy at defendant Champlain Valley Physicians Hospital Medical Center (hereinafter CVPH).* The surgery was performed by defendant Olof Franzon and anesthesia was administered by defendant Craig Hofsess. Following the surgery, plaintiff complained of numbness in her right hand and pain in her right shoulder. Thereafter, plaintiff and her husband, derivatively, commenced this personal injury action asserting that plaintiff sustained nerve injuries to her right upper extremity during surgery that was caused by defendants' negligence. Supreme Court subsequently denied a motion by Hofsess and CVPH (hereinafter collectively referred to as defendants) for summary judgment, concluding that plaintiffs had raised a triable issue of fact in opposition to the motion. Defendants now appeal.

---

* These procedures involved the removal of plaintiff's uterus and both ovaries.

We affirm, albeit on a different ground than relied upon by Supreme Court. As the proponent of a motion for summary judgment in a medical malpractice action, defendants were required to establish as a matter of law that they did not depart from accepted standards of medical practice in their treatment of plaintiff or that such a departure, if it did exist, did not cause her injury (*see Menard v Feinberg*, 60 AD3d 1135, 1136 [2009]; *accord Derusha v Sellig*, 92 AD3d 1193, 1193 [2012]). While the affidavit of a defendant physician may, in a given circumstance, suffice to establish entitlement to summary judgment, such an affidavit must be "detailed, specific and factual in nature" (*Toomey v Adirondack Surgical Assoc.*, 280 AD2d 754, 755 [2001]; *accord Amodio v Wolpert*, 52 AD3d 1078, 1079 [2008]; *Suib v Keller*, 6 AD3d 805, 806 [2004]). Further, "affidavits which [do] no more than simply state, in conclusory fashion, that [the physician has] acted in conformity with the appropriate standard of care . . . [or] bare conclusory assertions . . . that [the physician] did not deviate from good and accepted medical practices, with no factual relationship to the alleged injury, do not establish that the cause of action has no merit so as to entitle [the movant] to summary judgment" (*Machac v Anderson*, 261 AD2d 811, 812-813 [1999] [internal quotation marks and citations omitted]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325-326 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Here, the record reflects that plaintiff was positioned for surgery so that her head was lower than her abdomen. In order to administer anesthesia, plaintiff's right arm was secured to a padded arm board attached to the operating table and wrapped with a gel pad to protect the ulnar nerve area. Although the surgery was expected to last approximately two hours, complications arose and it took five hours to complete. As relevant here, plaintiffs allege that plaintiff suffered nerve damage to her right arm and shoulder because Hofsess failed to properly restrain her arm and correctly apply protective padding on known pressure points during the surgical procedure and did not review or inspect the positioning or padding during the operation, even though it lasted significantly longer than expected.

In support of their motion, defendants rely on the affidavit of Hofsess, who simply states, based on his review of plaintiff's chart, that there was "no deviation from the norm" in the manner in which he positioned and secured plaintiff's right arm on the arm board. He further maintained that he found "no deviation of any kind from the appropriate standard of care by [CVPH] or its employees, including myself." Notably, Hofsess

does not rebut plaintiffs' claims with any factual proof that is in any way related to plaintiff's alleged injury. Further, at his deposition, Hofsess testified that he had no independent recollection of plaintiff's surgery and could only describe in general terms how a patient is positioned during such a surgical procedure, the manner in which the arm is padded and how anesthesia is administered. More importantly, nowhere in his affidavit does he make any reference to the relationship between the procedures routinely employed during such a surgical procedure and plaintiff's claim of injury. Inasmuch as Hofsess's affidavit in sum and substance is simply a recitation of his opinion that there was no deviation from accepted medical practice without any factual proof related to plaintiff's specific injury, defendants' motion for summary judgment had to be denied (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Machac v Anderson*, 261 AD2d at 813). In light of this conclusion, we need not address the sufficiency of plaintiffs' papers in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d at 325-326; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

Peters, P.J., Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, with one bill of costs.