■ Lorraine Maiorano et al., Respondents, v Price Chopper Operating Company, Inc., Appellant. [633 NYS2d 413] —Cardona, P. J. Appeal from an order of the Supreme Court (Williams, J.), entered December 6, 1994 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

On June 22, 1992, plaintiff Lorraine Maiorano (hereinafter plaintiff) was allegedly injured when she stepped on a banana, slipped and fell while approaching the check out lanes after shopping in defendant's grocery store, resulting in this action. After depositions of defendant's employees indicated that the area in which plaintiff fell had been swept within 5 to 10 minutes of the accident, defendant moved for summary judgment dismissing the action. Finding an issue of fact as to the amount of time the banana was on the floor based on plaintiff's pretrial testimony that the banana was brown in color, Supreme Court denied the motion and this appeal ensued.

We reverse. The coloration of the banana, whether brown, or brown and yellow as plaintiff described it, fails to support the contention that the banana had been on the floor for any appreciable period of time (*see, Anderson v Klein's Foods*, 73 NY2d 835, *affg on mem below* 139 AD2d 904; *Bashaw v Rite*

*Aid*, 207 AD2d 632; *Browne v Big V Supermarkets*, 188 AD2d 798, 799, *lv denied* 81 NY2d 708). Plaintiffs speculate that the banana had remained on the floor for the length of time necessary for it to turn brown from whatever color it was when it fell and, accordingly, had to have been missed when the floor was swept shortly before the accident. The coloration evidence, however, is just as consistent with the theory that someone had dropped a ripe banana shortly before plaintiff stepped on it.

Defendant made a prima facie showing that it did not create the condition or have actual or constructive notice of the banana's presence at the time of the accident. It was then incumbent upon plaintiffs to make an affirmative evidentiary showing that a genuine issue of fact existed (*see, Zuckerman v City of New York*, 49 NY2d 557, 563). Mere conclusions based upon surmise, conjecture, speculation or assertions are without probative value (*see, Parks v Greenberg*, 161 AD2d 467, 468-469, *appeal dismissed* 76 NY2d 888, *lv denied* 76 NY2d 712). As plaintiff's opposing affidavit was insufficient to raise a triable issue of fact, the motion should have been granted.

Mikoll, Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.