■ NANCY A. VAN WINKLE et al., Appellants, v PRICE CHOPPER OPERATING COMPANY, INC., Respondent. [657 NYS2d 236] —Mercure, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered June 11, 1996 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Nancy A. Van Winkle (hereinafter plaintiff)

sustained the injuries forming the basis for this action on August 4, 1992 when she slipped on grapes that had fallen to the floor in the produce section of defendant's supermarket. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the ground that defendant had no actual or constructive notice of the allegedly defective condition that caused plaintiff's injuries. Supreme Court granted the motion and plaintiffs now appeal.

We affirm. Defendant supported its summary judgment motion with a transcript of plaintiff's deposition, wherein she testified that she was walking through the produce section of defendant's store when her feet suddenly went out from under her and she fell down. After the fall, she could see several red grapes on the floor, primarily under her feet. Plaintiff indicated that she did not see the grapes prior to her fall and that she had no idea how long they had been present on the floor. Joseph Landor, assistant grocery manager at the store, testified that he was on duty at the time of the occurrence and had cleaned up the floor in the area where plaintiff fell only 35 to 40 minutes prior to the accident. Clearly, defendant satisfied its initial burden on the motion by coming forward with prima facie evidence of its lack of actual or constructive notice of the dangerous condition that allegedly caused plaintiff's injury (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838; *O'Neal v Grand Union*, 207 AD2d 610, *lv denied* 84 NY2d 811; *Anderson v Klein's Foods*, 139 AD2d 904, 905, *affd* 73 NY2d 835).

In response, plaintiffs merely averred that defendant's general knowledge of a "recurrent problem" of grapes falling on the floor provided it with constructive notice and, further, that by failing to have a carpet, mat or other nonskid covering in place in the area immediately surrounding plaintiff's fall or to package the grapes in such a way as to prevent them from falling to the floor, defendant affirmatively created the dangerous condition. We disagree. First, the record supports nothing more than a general awareness that produce may occasionally fall to the floor, which is not of itself sufficient to constitute notice of a dangerous condition (*see, Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *Snyder v Golub Corp.*, 199 AD2d 776, 777, *lv denied* 83 NY2d 754; *Paolucci v First Natl. Supermarket Co.*, 178 AD2d 636). Second, plaintiffs have presented no evidence of any industry standard or practice with regard to the packaging of grapes or the placement of nonskid coverings in their vicinity (*see, Trimarco v Klein*, 56 NY2d 98, 105-106; *Guldy v Pyramid Corp.*, 222 AD2d 815, 816; *Paciocco v Montgomery Ward*, 163 AD2d 655, 657, *lv denied* 77 NY2d 808).

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.