■ HELEN TKACH, Appellant, v GOLUB CORPORATION et al., Respondents. [696 NYS2d 289] —Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered July 8, 1998 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action against defendants seeking to recover for injuries she allegedly sustained when she slipped and fell at the Price Chopper supermarket in the Town of Cobleskill, Schoharie County, on December 4, 1996. Plaintiff's

fall occurred near a self-service display case that held packages of cooked chicken, and the substance upon which plaintiff slipped was identified by store personnel as most likely to be chicken grease. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint contending, *inter alia*, that defendants neither created nor had actual or constructive notice of the condition that allegedly caused plaintiff's fall. Supreme Court granted defendants' motion, prompting this appeal by plaintiff.

We affirm. "It is well settled that in cases involving a slip and fall as the result of a slippery or foreign substance on a supermarket floor, the plaintiff must establish that the defendant either created the allegedly dangerous condition or had actual or constructive notice of it" (*Collins v Grand Union Co.*, 201 AD2d 852). This plaintiff failed to do.

As a starting point, the record is devoid of any proof that defendants created the allegedly dangerous condition in question. Although plaintiff argues that defendants' decision to place a self-service, free-standing "chicken display" in an aisle commonly used by customers was ill advised and, in essence, constituted some sort of a design defect, we need note only that such theory, even if properly before this Court, fails due to the absence of an affidavit or testimony from a qualified expert.

Equally unpersuasive is plaintiff's contention that the record as a whole raises a question of fact as to whether defendants' employees had actual or constructive notice of the chicken grease that apparently was present on the floor where plaintiff fell. In this regard Patricia De Lorme, who was the assistant deli manager at defendants' Cobleskill store at the time of plaintiff's accident, testified at her examination before trial that one of the employees assigned to the deli area would check the floors in that area every 10 to 15 minutes to ensure that no spills had occurred. Additionally, Sandra Barry, who was working in the deli department on the day in question, averred that she had checked the floors in that area five minutes before plaintiff fell and that there was no grease on the floor at that time. Such proof certainly is sufficient to sustain defendants' initial burden on the motion for summary judgment (*see*, *McClarren v Price Chopper Supermarkets*, 226 AD2d 982, 982-983, *lv denied* 88 NY2d 811 [area where the plaintiff fell had been inspected 3 to 5 minutes prior to accident and found to be clean and dry]; *Maiorano v Price Chopper Operating Co.*, 221 AD2d 698 [area where the plaintiff fell had been swept 5 to 10 minutes before accident]).

In opposition, plaintiff offered the affidavit of her investiga-

tor, who purportedly obtained an unsigned, unsworn statement from De Lorme who, in turn, allegedly admitted that she was aware that there was grease on the floor prior to plaintiff's fall. Although hearsay evidence is not automatically and universally excluded when offered in opposition to a motion for summary judgment (*see, Chrysler First Fin. Servs. Corp. v De Premis,* 225 AD2d 1003; *Landisi v Beacon Community Dev. Agency,* 180 AD2d 1000), we agree with Supreme Court that De Lorme's alleged admission is not binding upon defendants absent proof that De Lorme was authorized to speak on defendants' behalf (*see, Loschiavo v Port Auth.,* 58 NY2d 1040, 1041; *Fontana v Fortunoff,* 246 AD2d 626, *lv denied* 92 NY2d 804; *Gstalder v State of New York,* 240 AD2d 541, 542; *Boyle v Stiefel Labs.,* 204 AD2d 872, 876, *lv denied* 84 NY2d 803) and, hence, provides an insufficient basis upon which to deny defendants' motion for summary judgment dismissing the complaint. Plaintiff's remaining arguments in support of reversal have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.