■ JULIA GOLDEN, Appellant, v COINMACH INDUSTRIES, INC., et al., Respondents. [708 NYS2d 393] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about

February 2, 1999, which granted defendants' motions for summary judgment and dismissed both the complaint and the cross claims, unanimously reversed, on the law, without costs, defendants' motions denied, and the complaint and the cross claims reinstated. Appeal from order, same court and Justice, entered on or about May 13, 1999, which, insofar as appealable, denied plaintiff's motion for renewal, unanimously dismissed, without costs, as academic in view of the foregoing.

Plaintiff was removing clothing from a dryer in the laundry room of her apartment building when the lower panel door of the dryer fell open and struck her leg. The lower panel covers the area where the lint accumulates. Each dryer has a safety chain which keeps the lower door from opening more than 12 to 18 inches. This chain had been removed from the dryer, resulting in plaintiff's injuries.

Defendant Coinmach owned the building's dryers and was required to maintain and repair them. At his deposition, Martin Pastore, Coinmach's field service manager, testified that building employees, not Coinmach employees, generally cleaned the lint out of the dryers in plaintiff's building, and that he was aware that building porters often removed the safety chain connecting the lower door to the dryer to clean out the lint more efficiently. He testified that his employees did not regularly check the dryers to see if chains were missing, but he admitted receiving calls to repair dryers with chains missing, though not in the building where this incident took place. Doryne Isley, the general manager of defendant North Town Roosevelt Association's (North Town's) managing company, testified that her employees would do minor repairs in the laundry room and that they would clean the exterior of the machines, but would not open the washers or dryers to clean out lint.

Viewing the evidence in a light most favorable to plaintiff, the opponent of the motions, neither defendant may prevail on its motion for summary judgment. Pastore's deposition testimony was sufficient to raise a factual issue as to whether Coinmach had notice of the recurrent, dangerous condition of unsecured lint doors on its dryers. A jury could, therefore, find that the failure to address this condition was negligence on Coinmach's part (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106; *McLaughlan v Waldbaums, Inc.*, 237 AD2d 335; *Weisenthal v Pickman*, 153 AD2d 849). Further, Pastore's deposition testimony also raised an issue as to whether an employee of defendant North Town created the hazard by removing the chain while cleaning the lint in the dryer (*see, Schneider*

*v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 745 [speculation not required to accept likely inference that defendant's employee created hazardous condition by lowering hospital bed rail]). Finally, the conflicting deposition testimony of Mr. Pastore and Ms. Isley with respect to who had been performing certain work on the dryers in plaintiff's building confirms the existence of outstanding factual and credibility issues requiring resolution by a trier of fact. Concur—Mazzarelli, J. P., Ellerin, Lerner, Rubin and Andrias, JJ.