■ THERESA WALKER et al., Appellants, v GOLUB CORPORATION, Respondent. [714 NYS2d 796] —Graffeo, J. Appeal from an order of the Supreme Court (Caruso, J.), entered November 22, 1999 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

This action was commenced by plaintiff Theresa Walker (hereinafter plaintiff) and her husband, derivatively, seeking recovery for personal injuries sustained when plaintiff slipped and fell in the produce department at a supermarket owned by defendant. Supreme Court granted defendant's motion for summary judgment dismissing the complaint, finding that plaintiffs failed to rebut defendant's demonstration that it lacked notice of the allegedly unsafe condition, the presence of grapes on the floor in the produce aisle, which plaintiffs contend precipitated the fall. Plaintiffs now appeal.

We affirm. " 'It is well settled that in cases involving a slip and fall as the result of a slippery or foreign substance on a supermarket floor, the plaintiff must establish that the defendant either created the allegedly dangerous condition or had actual or constructive notice of it' " (*Tkach v Golub Corp.*, 265 AD2d

632, 633, quoting *Collins v Grand Union Co.*, 201 AD2d 852). In this case, plaintiffs did not allege that defendant created the defect but claimed in their amended bill of particulars that defendant had constructive notice of the condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838; *see, Van Winkle v Price Chopper Operating Co.*, 239 AD2d 692).

After discovery was completed, defendant submitted its motion for summary judgment, which included the deposition testimony of plaintiffs and several store employees. In particular, defendant relied on the testimony of a stock clerk on duty at the time of the accident who asserted that he had inspected the floor of the produce aisle only 20 minutes before the incident and had observed that the area was dry and free of fruit or other debris. This evidence was sufficient to satisfy defendant's burden to present prima facie evidence of its lack of constructive notice of the alleged dangerous condition (*see, Van Winkle v Price Chopper Operating Co., supra* [evidence that floor was cleaned 35 to 40 minutes prior to accident was prima facie evidence of lack of notice]).

The burden then shifted to plaintiffs to submit proof of sufficient probative value to establish the existence of a material issue of fact that would preclude summary judgment (*see, Sosa v Golub Corp.*, 273 AD2d 762; *Phillips v McClellan St. Assocs.*, 262 AD2d 748). It appears from the record that, in opposition to summary judgment, plaintiffs submitted only the affidavit of their attorney which consisted primarily of excerpts from the injured plaintiff's deposition testimony. According to the relevant portions of her deposition, plaintiff did not notice fruit on the floor of the produce aisle until after she fell, at which time she saw several squashed grapes in the area. As these submissions fail to allege that the grapes were on the floor for such a length of time that defendant, in the exercise of reasonable care, should have discovered the condition and remedied it, we find plaintiffs failed to rebut defendant's demonstration that it lacked constructive notice of the condition (*see, Van Winkle v Price Chopper Operating Co., supra*).

In her deposition, plaintiff further claimed that moments after the incident, she was approached by a woman who was either an employee or store patron, who remarked to her "I had just told them to clean this up." On appeal, plaintiffs ask this Court to assume that this remark was uttered by Madeline

Orlando, a customer service representative at the store, and argue that the complaint should be reinstated because the statement raises a triable issue of fact as to whether defendant had notice of the alleged dangerous condition. We note that plaintiffs did not assert a claim of actual notice in their amended bill of particulars and, therefore, pursue only a theory of constructive notice. We find that the remark lacks the probative force which plaintiffs ascribe to it because, in any event, it does not indicate store personnel were aware that the grapes were on the floor for a sufficient period of time to impose liability.

Moreover, plaintiffs failed to establish who uttered the statement. In her deposition, plaintiff provided a physical description of the woman and suggested her name may have been "Margaret," but she stated she did not know whether the woman was an employee or a store patron. It was the stock clerk who, when advised at his deposition of the physical description provided by plaintiff, surmised that the woman could have been Madeline Orlando, defendant's customer service representative. This prompted plaintiffs' counsel to depose Orlando, who denied any knowledge of the statement and noted that there were no complaints concerning the condition of the floor prior to the accident. Although plaintiff stated at her own deposition that she would recognize the woman if she saw her again and Orlando subsequently appeared for a deposition, plaintiff did not submit an affidavit clarifying whether Orlando was, in fact, the woman who allegedly made the statement.

Even if we were to assume that Orlando was the declarant, we would find no basis to conclude that the statement constitutes anything other than inadmissible hearsay since there is no indication in the record that she was authorized to speak on behalf of defendant (*see, Tkach v Golub Corp.*, 265 AD2d 632, 634, *supra*). Therefore, plaintiffs' effort to designate the statement as an exception to the hearsay rule fails. While, in some instances, hearsay or other inadmissible evidence is of sufficient probative force to defeat a motion for summary judgment (*see, e.g., Baker v City of Elmira*, 271 AD2d 906; *Landisi v Beacon Community Dev. Agency*, 180 AD2d 1000), this would not be viewed as such a case.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.