■ Toni A. Altieri, Appellant, v Golub Corporation et al., Respondents. [741 NYS2d 126] —Peters, J.P. Appeal from an order of the Supreme Court (Kramer, J.), entered February 6, 2001 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this personal injury action as a result of a slip and fall caused by a foreign substance on the floor of the produce section of defendants' store. After joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff appeals.

In order to recover in a personal injury action based upon a slip and fall on a foreign substance, a plaintiff must ultimately establish that the defendant either created the condition which caused the fall or had actual or constructive notice of it (see, *Davis v Golub Corp.*, 286 AD2d 821). When a defendant moves for summary judgment dismissing the complaint in such an action, however, it is the defendant, as the proponent of the motion, who bears the initial burden of establishing a prima facie entitlement to judgment (see, *Williams v Hannaford Bros. Co.*, 274 AD2d 649; see also, *Zuckerman v City of New York*, 49 NY2d 557, 562). On such a motion, the burden shifts to the plaintiff only when the defendant satisfies this initial burden by demonstrating that it neither created the condition nor had

actual or constructive notice of the condition (*see, e.g., Forester v Golub Corp.*, 267 AD2d 526; *Bashaw v Rite Aid of N.Y.*, 207 AD2d 632).

Defendants submitted evidence that the floor was inspected and found to be clean approximately half an hour before plaintiff's fall which, standing alone, would ordinarily be sufficient to meet defendants' initial burden (*see, e.g., Van Winkle v Price Chopper Operating Co.*, 239 AD2d 692). Their motion papers, however, contain additional evidence which reveals their failure to demonstrate entitlement to judgment as a matter of law. The accident report noted that two store employees were working in the area at the time of plaintiff's fall and, according to plaintiff's deposition testimony, one of the employees was loading produce into the display cases. Plaintiff testified that she had "just passed by" this employee when she fell and that she believed it was a spinach leaf that caused her to slip and fall. Although the employee's deposition testimony discloses that he had no recollection of the incident or what he was doing at the time, the accident report noted that he found a piece of spinach on the floor after plaintiff fell and he acknowledged that his duties included loading vegetables into display cases, during the course of which it was not unusual for leaves to fall to the floor. He also acknowledged that his assignment to the produce section included a continuing duty to inspect and clean the area as needed.

In our view, the evidence submitted by defendants failed to demonstrate that their employee did not create the condition by dropping the foreign substance on the floor during the course of his work or that, in the exercise of reasonable care, he knew or should have known of the foreign substance on the floor in the immediate vicinity of where he was working. Accordingly, we conclude that defendants were not entitled to summary judgment and Supreme Court's order is, therefore, reversed.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.