■ GAIL DISONELL et al., Respondents, v STEWART'S ICE CREAM COMPANY, INC., Doing Business as STEWART'S SHOPS, Appellant. [752 NYS2d 164] —Mercure, J. Appeal from an order of the Supreme Court (Williams, J.), entered April 2, 2002 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

On June 26, 2000, plaintiff Gail Disonell (hereinafter plaintiff) slipped and fell in the parking lot of defendant's convenience store in the Village of Round Lake, Saratoga County. Plaintiff had just exited the store and was walking around to the driver's side of her car when she slipped on oil that had been spilled on the pavement and fell. As a result of injuries sustained by plaintiff, she and her husband, derivatively, commenced this negligence action against defendant. Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the ground that it did not have actual or constructive notice of the dangerous condition. Supreme Court denied the motion, and defendant appeals.

Initially, as the proponent of the motion for summary judgment, defendant bore the threshold burden of establishing that it did not have actual or constructive notice of the dangerous condition precipitating plaintiff's fall (*see Tucci v Stewart's Ice Cream Co.*, 296 AD2d 650, 650, *lv denied* 98 NY2d 615; *Altieri v Golub Corp.*, 292 AD2d 734, 734-735). In the absence of any present claim that defendant had actual notice of the condition, liability will turn on the issue of whether defendant had constructive notice. " 'To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's em-

ployees to discover and remedy it' " (*Walker v Golub Corp.*, 276 AD2d 955, 956, quoting *Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *see Mueller v Hannaford Bros. Co.*, 276 AD2d 819, 819).

In support of its motion for summary judgment, defendant submitted the deposition testimony of the clerk on duty who stated that she was outside the store taking out garbage at the time of the accident. The clerk indicated that although she did not witness plaintiff's fall, afterward she noticed a large quantity of fresh oil on the pavement next to plaintiff's car, which she cleaned up with cat litter. She testified that it was the protocol for employees to visually inspect the parking lot whenever they were outside the store and to apply cat litter to any oil spills. The clerk stated that she visually inspected the parking lot just before plaintiff exited the store and did not notice the oil. She further stated that no one had complained about the presence of the oil. Plaintiff stated that she did not make any observations of the pavement in the parking lot either before entering the store or upon exiting it. She indicated that she did not realize that she had slipped on oil until after her fall. In our view, that evidence satisfied defendant's burden of demonstrating that it did not have constructive notice. As plaintiffs submitted only the affidavit of their attorney in opposition to the motion, which did not rebut defendant's showing (*see Walker v Golub Corp.*, *supra* at 956), defendant's summary judgment motion should have been granted (*see Mueller v Hannaford Bros. Co.*, *supra*).

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.