■ LUTHER REID, Appellant, v SCHALMONT SCHOOL DISTRICT, Respondent. [856 NYS2d 691]—

Cardona, P.J. Appeal from an order of the Supreme Court (Catena, J.), entered March 8, 2006 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this personal injury action seeking to recover for injuries he allegedly sustained on January 26, 2001

---

when he slipped and fell on stairs located inside defendant's Mariaville Elementary School in Schenectady County. Immediately prior to the accident, plaintiff, an employee of Tri-County Bottle and Gas, delivered propane to the school's outdoor tank where he noticed there was "a lot of snow." Plaintiff then walked inside the school to have the invoice signed. At that point, he asked the school custodian, Joseph Hanson, for directions to the restroom. Hanson directed plaintiff to cross the gymnasium, go up a small set of wooden stairs and proceed down a hallway to the lavatory. On his return, plaintiff retraced his steps, but slipped and fell while descending those same stairs. Hanson, who heard the sound of plaintiff falling and hurried over to offer assistance, noticed that plaintiff had snow on his boots and was wearing "very dark sunglasses." He also saw some water and slush on the floor at the bottom of the stairs, as well as water and melting snow, resembling footsteps, leading from the stairs to the restroom.

Thereafter, plaintiff alleged, among other things, in his complaint and verified bill of particulars, that he fell as a result of the negligent design, construction and maintenance of the stairs. Following discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted that motion, prompting this appeal.*

For defendant to prevail on its summary judgment motion, it must "establish as a matter of law that [it] maintained the property in question in a reasonably safe condition and that [it] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof" (*Mokszki v Pratt*, 13 AD3d 709, 710 [2004] [internal quotation marks and citation omitted]). Here, defendant submitted admissible proof in the form of, among other things, affidavits from individuals with first-hand knowledge which, collectively, established that there were no modifications to the staircase following its construction in 1953. Furthermore, the submissions set forth that no record existed of any prior accident or problems with the stairs which would have afforded defendant actual or constructive knowledge of a dangerous condition. Defendant also tendered an expert affidavit from engineer Anthony Mellussi, who indicated that the stairs were in compliance with the applicable building code existing at the time of their construction. He opined that the "Pex-Thane" finish placed on the stairs

---

* Despite certain inaccuracies or omissions in the notice of appeal, we deem it appropriate under the circumstances to treat such notice as valid in the interest of justice (*see* CPLR 5520 [c]; *cf. Hopkins v Tinghino*, 248 AD2d 794, 795 [1998]).

in January 2001 had a friction coefficient which met the current "Standard Practice for Safe Walking Surfaces." This evidence was sufficient to meet defendant's burden of demonstrating that it did not create a dangerous condition nor did it have actual or constructive notice thereof (*see* CPLR 3212 [b]; *Macri v Smith*, 12 AD3d 896, 897 [2004]).

In response, plaintiff did not submit any proof raising a genuine issue of fact as to actual or constructive notice. With respect to the claim of creating a hazardous condition, plaintiff proffered an affidavit from Richard Green, an engineer, who, while unable to personally inspect the stairs, nevertheless opined that the application of the finish to the wooden stairs made them "significantly more dangerous, especially when wet." Generally, a disagreement between experts creates a question of credibility to be resolved by the factfinder; however, when an expert fails to support his or her opinion with "a factual or scientific basis," a motion for summary judgment will not be defeated (*Stocklas v Auto Solutions of Glenville, Inc.*, 9 AD3d 622, 624 [2004], *lv dismissed and denied* 4 NY3d 738 [2004] [internal quotation marks and citation omitted]; *see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). In that regard, we note that Green did not provide proof indicating that the Pex-Thane finish was improperly applied (*see Pechtel v Gould*, 9 AD3d 653, 654 [2004]), nor did he provide sufficient evidence raising a question of fact regarding the alleged deficiency of the Pex-Thane finish with respect to the relevant slip resistant standard.

Moreover, also unpersuasive is Green's contention that an alleged deviation in the height requirement of the handrail adjacent to the stairs was a factor in this accident. Notably, plaintiff testified at his deposition that he had no recollection of seeing or using a handrail at the time he descended the stairs. Accordingly, any alleged deviation with respect to the height of the handrail cannot be considered a proximate cause of the accident (*see e.g. Stocklas v Auto Solutions of Glenville, Inc.*, 9 AD3d at 624). Therefore, summary judgment was properly granted in defendant's favor.

Plaintiff's remaining arguments, to the extent that they have been preserved for appellate review, have been examined and found to be unpersuasive.

Carpinello, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.