■ RALPH SALERNO et al., Appellants, v NORTH COLONIE CENTRAL SCHOOL DISTRICT et al., Respondents. [861 NYS2d 811]—

Kane, J. Appeal from an order of the Supreme Court (O'Connor, J.), entered September 19, 2007 in Albany County,

---

which granted defendants' motion for summary judgment dismissing the complaint.

As part of his employment with a distributing company, plaintiff Ralph Salerno (hereinafter plaintiff) delivered bottled water to Shaker High School in defendant North Colonie Central School District. On the date in question, plaintiff arrived at the school at approximately 7:00 A.M., placed eight cases of water on a hand cart, pushed the cart through the cafeteria's kitchen and unloaded the cases in a walk-in cooler. According to plaintiff, he stepped in a puddle of water inside the cooler, then slipped and fell as his boot came in contact with grease on the floor as he exited the cooler. To recover for injuries he sustained in his fall, plaintiff and his wife, derivatively, commenced this action. Following discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion, prompting plaintiffs' appeal.

Supreme Court properly granted defendants' motion. "In order to recover in a personal injury action based upon a slip and fall on a foreign substance, a plaintiff must ultimately establish that the defendant[s] either created the condition which caused the fall or had actual or constructive notice of it" (*Altieri v Golub Corp.*, 292 AD2d 734, 734 [2002] [citation omitted]; *see Tenkate v Tops Mkts., LLC*, 38 AD3d 987, 988 [2007]; *Smith v J.B.H., Inc.*, 300 AD2d 874, 874-875 [2002]). Defendants bore the burden of showing that they neither created the dangerous condition which caused plaintiff's fall, nor had notice of it; once this showing was made, the burden shifted to plaintiffs to raise a question of fact (*see Altieri v Golub Corp.*, 292 AD2d at 734-735). Defendants met their burden through submission of deposition testimony of two cafeteria workers, the school nurse, lead custodian and principal. These school employees testified that the floor was clean and they did not see any puddles of water or greasy substance in the cooler or kitchen either before or after plaintiff fell. The cafeteria workers further explained that the kitchen was cleaned and mopped each night, only the two testifying workers were present in the kitchen that morning and neither had entered the cooler nor cooked any food before plaintiff arrived. Defendants also submitted transcripts of plaintiff's testimony where he stated that he did not see any greasy substance prior to his fall, did not inspect his boot or the floor to verify what the substance was, and opined that it must have been kitchen grease because of the way light reflected on it and his boot made a smudge on the floor. This proof was sufficient to meet defendants' initial burden.

In opposition, plaintiffs relied upon plaintiff's prior testimony

and his recent affidavit. Although a court should not render credibility determinations when deciding a motion for summary judgment, Supreme Court appropriately discounted portions of plaintiff's affidavit which contradicted his prior sworn testimony (*see Benamati v McSkimming*, 8 AD3d 815, 817 [2004]). Even if we consider all of plaintiff's statements in a light most favorable to plaintiffs, they cannot prevail solely through conclusions based on speculation or conjecture (*see Bloomer v Empire Forklift, Inc.*, 46 AD3d 1324, 1325 [2007]; *Dapp v Larson*, 240 AD2d 918, 919 [1997]).

There was no proof that defendants created a dangerous condition. A puddle of water in the cooler could have been caused by a problem with the cooler itself or a leak in one of the water bottles stored in the cooler, without any negligence on the part of defendants. Despite plaintiff's averment that the area where he slipped looked greasy when wet and in a certain light, the record does not contain any proof that there was kitchen grease on the floor. Even if the substance was some kind of grease, it could have been carried in on plaintiff's boot or cart. Given plaintiff's allegations that he slipped on a mixture of water on top of grease, he failed to prove that defendants created a wet and greasy condition on the floor.

Defendants also did not have notice of such a condition. Plaintiffs did not submit proof that defendants had actual notice of any dangerous condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant[s'] employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986] [citations omitted]). No one, not even plaintiff, observed any greasy substance on the floor prior to his fall. None of defendants' employees had been in the cooler that morning prior to plaintiff's fall, and none saw any puddle of water in the days preceding the accident. Hence, there is no proof that a dangerous condition existed for a sufficient period of time for defendants to discover and remedy it (*see id.* at 838). Testimony by one cafeteria worker that she had seen a puddle of water in the cooler at some point in her employment in the kitchen, which spanned more than a decade, was insufficient to impute notice of a specific condition on the day in question (*see id.*; *Mosquera v Orin*, 48 AD3d 935, 937 [2008]).

Defendants met their initial burden and plaintiffs failed to meet their shifted burden to establish any question of fact concerning the creation of a dangerous condition or notice thereof. Therefore, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.

Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, without costs.