■ G. Thomas Hagin, Respondent, v Sears, Roebuck and Company, Appellant. [876 NYS2d 777]—

Malone Jr., J. Appeal from an order of the Supreme Court (Mulvey, J.), entered June 30, 2008 Tompkins County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this negligence action seeking recovery for injuries sustained when he fell while shopping in defendant's store located in the Village of Lansing, Tompkins County. According to plaintiff's deposition testimony, as he was walking through the store glancing at a sale flyer, he turned a corner and entered an aisle and suddenly tripped over what he described as a "tool box or tool case"—which he did not see—causing him to fall. While on the floor, he observed three tool boxes near him on the aisle floor, one of which was between his legs. He was helped to his feet by two or three store employees and taken to an office where an accident report was completed. He was then taken to a hospital via ambulance. Plaintiff is not aware of any witnesses to his fall.

Following joinder of issue and discovery, defendant moved for summary judgment on the grounds that plaintiff had neither established that defendant had created a dangerous condition by placing the alleged toolbox on the floor in the aisle nor that defendant had actual or constructive notice of the alleged toolbox being in the aisle. Supreme Court denied the motion (20 Misc 3d 1109[A], 2008 NY Slip Op 51295[U] [2008]) and defendant now appeals.

To demonstrate its entitlement to summary judgment, defendant is "required to establish as a matter of law that [it] maintained the property in question in a reasonably safe condition and that [it] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof" (*Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]; *see Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]; *Mokszki v Pratt*, 13 AD3d 709, 710 [2004]). In sup-

port of its motion, defendant set forth the deposition testimony of plaintiff and two of its employees who were on duty on the day of plaintiff's fall, neither of whom witnessed the incident. Frank Kucinsky, a loss prevention detective employed at the store, testified that he had nothing to do with the placement of merchandise in the store but he was not aware of any other falls or complaints about merchandise being in the aisles. He never noticed merchandise being stored in the aisles. After plaintiff left in the ambulance, Kucinsky went to the area where the fall reportedly occurred and did not observe any tool boxes or other merchandise laying in the aisle. He did notice, however, "drill driver boxes" displayed along lower shelves in that aisle. He testified that, in the portion of the accident report* which he completed, he had indicated that the "reason for the location of the object" is that "a customer left [it] on the floor." Kucinsky also stated that customers leave items of merchandise in places other than where they belong and that when a customer leaves merchandise out of place in an aisle, designated employees are responsible to check the aisles to make sure the aisles are in order. While he was able to name three management-level employees in charge of product placement at the time of the incident, no testimony or affidavits were submitted from any of them.

Akela Mears, a sales associate, testified that merchandise was placed and displayed according to a model or diagram provided by corporate headquarters and that larger items including tool chests would often be displayed on the floor. When there were too many of a particular item to fit on the shelves, a display would occasionally be set up in the aisle in front of those shelves. She recalled prior complaints from customers about merchandise being on the floor in the aisles. Defendant did not produce the testimony or statement of any employee charged with checking aisles for misplaced merchandise.

Viewing the evidence in the light most favorable to plaintiff, as we must (*see Candelario v Watervliet Hous. Auth.*, 46 AD3d at 1074), defendant failed to meet its initial burden of establishing that it was not responsible, as a matter of law, for placing a tool box in the aisle where plaintiff fell, creating a dangerous condition (*see Monge v Home Depot*, 307 AD2d 501, 502 [2003]; *cf. Ruisi v Frank's Nursery & Crafts*, 272 AD2d 314 [2000]). The store employees who came to plaintiff's aid were never identified so as to provide proof of what they observed at the scene of the accident or what measures were taken to clear the aisle immediately after the fall, before Kucinsky checked it. Likewise, no proof was submitted from individuals who had

---

* This report is not in the record on appeal.

personal knowledge of the store's policies regarding merchandise placement in aisles including stacking and displaying merchandise, or who had arranged the merchandise in the aisle in which plaintiff fell. Defendant merely relied on the testimony of employees who were not personally involved in setting up merchandise in the aisle in question, one of whom acknowledged that displays were sometimes put on the aisle floors.

Additionally, summary judgment was properly denied because an issue of fact exists as to whether defendant had constructive notice of the merchandise alleged to have been on the floor where plaintiff fell. "Constructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit [a] defendant[ ] to discover it and take corrective action" (*Boyko v Limowski*, 223 AD2d 962, 964 [1996]; *see Cantwell v Rondout Sav. Bank*, 55 AD3d 1031, 1031-1032 [2008]; *George v Ponderosa Steak House*, 221 AD2d 710, 711 [1995]). Proof of regular inspections and maintenance of the area in question—including an inspection and any remedial action just prior to the incident—is ordinarily sufficient to satisfy a defendant's burden of showing no notice of a dangerous condition (*see Tucci v Stewart's Ice Cream Co.*, 296 AD2d 650, 650-651 [2002], *lv denied* 98 NY2d 615 [2002]; *Van Winkle v Price Chopper Operating Co.*, 239 AD2d 692, 693 [1997]). Given the lack of proof that anyone had inspected the aisle that day, and plaintiff's uncontroverted account that boxes were in the aisle at the time of his fall, a factual issue remains as to whether the alleged dangerous condition was known to defendant or existed for a sufficient period of time prior to plaintiff's fall to permit defendant to discover it and take remedial action (*cf. Tucci v Stewart's Ice Cream Co.*, 296 AD2d at 650-651; *Dominy v Golub Corp.*, 286 AD2d 810, 810 [2001]; *Walker v Golub Corp.*, 276 AD2d 955, 956 [2000]). Accordingly, summary judgment was properly denied.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs. [*See* 20 Misc 3d 1109(A), 2008 NY Slip Op 51295(U).]