■ Lois Cerkowski et al., Appellants, v Price Chopper Operating Company, Inc., et al., Respondents. [891 NYS2d 192]—

Stein, J.

While shopping at the Price Chopper grocery store located in

the City of Mechanicville, Saratoga County, plaintiff Lois Cerkowski (hereinafter plaintiff) slipped and fell as she approached the checkout lanes. After she stood up, she noticed a clear pool of liquid* on the floor near a flower display. Plaintiff proceeded to check out and left the store without informing anyone of the incident, but returned to the store approximately one hour later to report the incident. Cathy Gorman, then comanager of the store, thereafter typed up a customer accident form.

Plaintiff and her husband, derivatively, commenced this action seeking damages for injuries sustained as a result of plaintiff's fall. After discovery was complete, defendants moved for summary judgment on the ground that they did not create or have notice of the allegedly dangerous condition causing plaintiff's fall. Supreme Court granted the motion, prompting this appeal.

We affirm. To succeed on their motion for summary judgment, defendants bore the initial burden of demonstrating that they kept their premises in a reasonably safe condition and that they neither created the dangerous condition nor had actual or constructive notice of such condition (*see Salerno v North Colonie Cent. School Dist.*, 52 AD3d 1145, 1146 [2008]; *Reid v Schalmont School Dist.*, 50 AD3d 1323, 1324 [2008]). Defendants provided the affidavit and deposition testimony of Catherine Fondano, the front-end supervisor on duty at the time of the incident, which established that, in accordance with her regular routine, she inspected the area at regular intervals (every 8 to 10 minutes), both before and after the accident, that she did not see any liquid on the floor around the flower display and that she made sure the entire front end was clean and picked up. Fondano's sworn statements also established that the containers in which the flowers were displayed did not have a lot of water in them and that she was not aware of any problem, such as leaking or overfilling, which would explain any water claimed to be on the floor. This is sufficient to provide prima facie evidence that defendants kept the premises in a reasonably safe condition (*see Reid v Schalmont School Dist.*, 50 AD3d at 1324; *see generally Walker v Golub Corp.*, 276 AD2d 955, 956 [2000]; *Van Winkle v Price Chopper Operating Co.*, 239 AD2d 692, 693 [1997]) and did not have actual notice of any dangerous condition (*see Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 699 [1995]; *see generally Tkach v Golub Corp.*, 265 AD2d 632, 633 [1999]).

---

* Plaintiff testified at her pretrial deposition that the pool of liquid was the size of a large pancake, but the incident report completed thereafter indicated that there were small dime size amounts of water.

With regard to plaintiffs' contention that defendants had constructive notice of the dangerous condition, defendants were initially required to establish that the alleged liquid on the floor was not " 'visible and apparent and it [did not] exist for a sufficient length of time prior to the accident to permit defendant[s'] employees to discover and remedy it' " (*Salerno v North Colonie Cent. School Dist.*, 52 AD3d at 1147, quoting *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Here, plaintiff testified that the liquid in question was clear and no larger than a pancake, that she did not see it prior to falling and that the lighting in the area was adequate. Taken together with Fondano's sworn statements regarding the results of her regular inspections of the area, this evidence demonstrates that the liquid was neither visible nor apparent.

In view of this evidence, Supreme Court properly determined that defendants met their initial burden of proof, thus shifting the burden to plaintiffs to demonstrate the existence of a triable issue of fact (*see Salerno v North Colonie Cent. School Dist.*, 52 AD3d at 1146). Plaintiffs have offered no evidence to contradict defendants' assertions that they maintained the premises in a reasonably safe condition. Likewise, the record is "devoid of any proof that defendants created the allegedly dangerous condition in question" (*Tkach v Golub Corp.*, 265 AD2d at 633). Plaintiffs' theory—that the liquid in which plaintiff fell was water from the flower display and that defendants created a dangerous condition by placing the display in that location without mats underneath to catch water drops—is based upon conjecture and speculation and must "fail[ ] due to the absence of an affidavit or testimony from a qualified expert" (*Tkach v Golub Corp.*, 265 AD2d at 633).

Specifically, plaintiff testified that she did not notice any liquid—which she described as "water or oil or something"—on the floor until after she fell, that she did not know where it came from and did not see the flowers dripping, but assumed that there was water in the display and "suspected [there was water on the floor] because there were flowers there." Plaintiff further testified that, to her knowledge, no one saw her fall or saw her on the ground and she did not report her fall to anyone at the time. The customer accident form—which indicated that the cause of the accident was "water on the floor that apparently dripped from the flowers removed from the self service case"—was completed approximately 1 to 1½ hours after the incident. Accordingly, the information contained therein would not reflect the condition of the area at the time of the fall or the personal knowledge of the employee completing the form but,

rather, conclusions based upon plaintiff's speculations (*compare Altieri v Golub Corp.*, 292 AD2d 734, 734-735 [2002]).

Such evidence is insufficient to demonstrate a triable issue of fact regarding defendants' creation of the condition causing plaintiff's fall (*see Kivlan v Dake Bros.*, 255 AD2d 782, 783 [1998]; *see also Bloomer v Empire Forklift, Inc.*, 46 AD3d 1324, 1325 [2007]; *Smith v J.B.H., Inc.*, 300 AD2d 874, 875 [2002]; *Dapp v Larson*, 240 AD2d 918, 919 [1997]; *Maiorano v Price Chopper Operating Co.*, 221 AD2d at 699). Nor is there any record evidence that defendants had actual or constructive knowledge of such condition. For example, plaintiff offered no proof regarding the length of time the liquid had been on the floor in the area where plaintiff fell, of notice to defendants or of other complaints regarding a recurring condition of that nature (*see Snyder v Golub Corp.*, 199 AD2d 776, 777 [1993], *lv denied* 83 NY2d 754 [1994]; *see also Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Bray v McGillicuddy's Tap House, Ltd.*, 41 AD3d 1069, 1070-1071 [2007]; *Van Winkle v Price Chopper Operating Co.*, 239 AD2d at 693).

The remaining arguments advanced by plaintiffs have been examined and found to be unpersuasive.

Cardona, P.J., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.