■ M. Bernice Cietek, Appellant, v Bountiful Bread of Stuyvesant Plaza, Inc., Respondent. [903 NYS2d 213]—

Spain, J.P. Appeal from an order of the Supreme Court (Platkin, J.), entered May 29, 2009 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

On October 26, 2006, plaintiff was injured in a slip and fall accident while a patron at a restaurant operated by defendant.

Plaintiff had exited the restaurant's restroom and was walking towards the dining area when she slipped on a small puddle of water and fell. Plaintiff commenced this action against defendant, seeking damages for injuries sustained as the result of the fall. Following discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff now appeals.

We affirm. In order to prevail on its motion for summary judgment, defendant had the initial burden of establishing that it "maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition" (*Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]; *accord Perry v Cumberland Farms, Inc.*, 68 AD3d 1409, 1410 [2009], *lv denied* 14 NY3d 706 [2010]). Here, defendant met its initial burden by providing the affidavit and deposition testimony of the assistant manager on duty the day of the accident, which established that it was defendant's policy that all employees regularly checked the floors for spills, discarded dishes and trash. His sworn statements also established that, although he was stationed approximately five feet from the area where plaintiff fell for three hours prior to the accident, he did not observe any water on the floor that day, nor did he receive any complaints concerning water on the floor or witness anyone else slip or fall in that area. As such, the burden shifted to plaintiff to provide evidence demonstrating a triable issue of fact (*see Raczes v Horne*, 68 AD3d 1521, 1522 [2009]; *Cerkowski v Price Chopper Operating Co., Inc.*, 68 AD3d 1382, 1384 [2009]).

In opposition, plaintiff did not present any evidence raising a genuine issue of fact as to actual or constructive notice. Regarding defendant creating a dangerous condition, plaintiff proffered the affidavit of an expert who determined that the friction coefficient of the restaurant floor did not meet industry standards and concluded that the floor was unacceptably slippery wet or dry. It is well settled, however, that a cause of action for negligence cannot be maintained against a building owner solely on the basis of an inherently slippery floor (*see Sarmiento v C & E Assoc.*, 40 AD3d 524, 527 [2007]; *Pechtel v Gould*, 9 AD3d 653, 654 [2004]). Further, although summary judgment may be precluded when an expert opinion demonstrates that a plaintiff was injured due to a deviation from relevant industry standards (*see Portanova v Trump Taj Mahal Assoc.*, 270 AD2d 757, 758 [2000], *lv denied* 95 NY2d 765 [2000]), inasmuch as plaintiff's expert referenced an Occupational Safety and Health Administration standard, which is inapplicable as that agency's regula-

tions are limited to the safety of employees (*see Kocurek v Home Depot, U.S.A.P.*, 286 AD2d 577, 580 [2001]), and failed to reference any other relevant standard, the expert affidavit failed to raise a triable issue of fact regarding defendant creating a dangerous condition (*see Suarez v D&C Mgt. Assoc.*, 284 AD2d 706, 707 [2001]). Accordingly, summary judgment was properly granted in defendant's favor.

Rose, Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.