■ Doris A. Stewart et al., Appellants, v Canton-Potsdam Hospital Foundation, Inc., Respondent. [912 NYS2d 773]—

Kavanagh, J. Appeal from an order of the Supreme Court (Demarest, J.), entered July 9, 2009 in St. Lawrence County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Doris A. Stewart (hereinafter plaintiff) alleges that, at approximately 6:00 P.M. on February 19, 2004, she was walking into her place of work at a medical office when she slipped and fell on ice that had accumulated on the sidewalk in front of the building, which was owned and maintained by defendant. Plaintiff and her husband, derivatively, commenced this action alleging that defendant was negligent in the way it maintained the premises and, in particular, in allowing a dangerous condition to exist on its premises by failing to keep this walkway free of ice. After discovery was completed, both sides moved for summary judgment.* Supreme Court subsequently granted defendant's motion and dismissed the complaint. Plaintiffs now appeal.

To prevail on its motion for summary judgment, defendant was required to establish that its property had been maintained in a reasonably safe condition, and that it did not create a dangerous condition that caused plaintiff's fall or have actual or constructive notice of that condition (*see Kearsey v Vestal Park, LLC*, 71 AD3d 1363, 1364 [2010]; *Managault v Rensselaer Poly-*

---

* Plaintiffs' motion was limited to the issue of defendant's liability.

*technic Inst.*, 62 AD3d 1196, 1197 [2009]; *Hagin v Sears, Roebuck & Co.*, 61 AD3d 1264, 1264 [2009]). Here, plaintiff claims that ice formed in this area because the roof did not have a gutter and water would drip from it onto bushes below which, in turn, would direct the water onto the adjacent sidewalk. In support of its contention that it had no notice of the existence of this condition, defendant presented testimony of Howard Gay, an employee responsible for maintenance at the building. Gay testified that, during the winter, he would check the parking lot and sidewalks of the building at the beginning and the end of each day and perform whatever maintenance was required based upon the conditions that he found to exist. Gay also stated that he would respond to calls indicating that an area on the property had become covered with ice and snow and would take what steps were necessary, including the use of ice melt and rock salt, to ensure that it was safe. As to the area where plaintiff fell, Gay testified that he was not aware of ice forming on the sidewalk as the result of water dripping from the roof and claims never to have received a report regarding the existence of such a recurring condition. Moreover, there was no precipitation in the area on the day of plaintiff's accident, and Gay denied receiving any report that day that icy conditions existed anywhere on the premises. Finally, plaintiff has acknowledged that she had walked in the area where she fell an hour prior to the accident and did not notice any ice or snow on the sidewalk. She also recalled that between 30 to 40 patients had been seen in her office that day, and no one made any complaints regarding the walkway's condition or that it was covered with ice. This evidence served to shift the burden to plaintiffs to establish that a question of fact exists as to whether defendant had notice—either actual or constructive—of the icy condition on the sidewalk prior to her fall (*see Brown v Haylor, Freyer & Coon, Inc.*, 60 AD3d 1188, 1189 [2009]).

In this regard, we note that it is not enough for plaintiffs to show that defendant was generally aware "of the existence of a potentially dangerous condition" on the property (*Lyons v Cold Brook Cr. Realty Corp.*, 268 AD2d 659, 660 [2000]; *see Pierson v North Colonie Cent. School Dist.*, 74 AD3d 1652, 1654 [2010]) and that "[p]roof of regular inspections and maintenance of the area in question—including an inspection and any remedial action just prior to the incident—is ordinarily sufficient to satisfy a defendant's burden of showing no notice of a dangerous condition" (*Hagin v Sears, Roebuck & Co.*, 61 AD3d at 1266; *see Tucci v Stewart's Ice Cream Co.*, 296 AD2d 650, 650-651 [2002], *lv denied* 98 NY2d 615 [2002]; *La Duke v Albany Motel Enters.*, 282 AD2d 974, 975 [2001]; *Van Winkle v Price Chopper Operat-*

*ing Co.*, 239 AD2d 692, 693 [1997]). In short, to prevail, plaintiffs must present competent evidence establishing that defendant knew, or should have known, of the existence of the specific condition that they claim caused this accident (*see Pierson v North Colonie Cent. School Dist.*, 74 AD3d at 1654-1655; *Mosquera v Orin*, 48 AD3d 935, 936-937 [2008]; *Martin v RP Assoc.*, 37 AD3d 1017, 1018-1019 [2007]).

On that issue, plaintiff's own affidavit was submitted, as well as testimony of two coworkers, who claim to have advised defendant on numerous occasions prior to this accident that the sidewalks adjacent to the building were often slippery and covered with ice. While these witnesses did make such complaints, none specifically notified defendant that water dripping from the roof onto the sidewalk was creating a dangerous condition on the property and, in particular, in the area where plaintiff fell. Moreover, as previously noted, Gay testified that he was never told that ice formed on the sidewalk from water dripping from the roof and, in fact, denied that such a problem ever existed. While defendant was aware that the sidewalk on its premises could, in certain conditions, become slippery and be covered with ice, this knowledge was "not sufficient, in itself, to impute actual or constructive notice of any specific condition existing on the day of the accident" (*Mosquera v Orin*, 48 AD3d at 937; *see Cantwell v Rondout Sav. Bank*, 55 AD3d 1031, 1032 [2008]).

Plaintiffs also claim that defendant created a dangerous condition on the property by not having gutters on the roof of the building and, in that regard, submitted expert testimony to the effect that the absence of gutters caused water to run onto the sidewalk that later froze into ice. However, this expert specifically found that this icy condition would not have existed "if the bushes located in the planter bed placed directly below the [b]uilding's rear roofline drip edge were reasonably and properly maintained (i.e., trimmed back)" and that the failure to maintain these bushes "was a competent producing cause of the walkway ice on which [plaintiff] fell." In that regard, we note that no evidence has been presented as to the condition of these bushes on the date of plaintiff's accident or that they had not been properly maintained causing water from the roof to flow onto the sidewalk. In short, the expert's opinion is based on an assumption that enjoys no evidentiary support in the record (*see Reid v Schalmont School Dist.*, 50 AD3d 1323, 1325 [2008]; *La Duke v Albany Motel Enters.*, 282 AD2d at 975). Therefore, having failed to submit any proof that defendant created the condition that plaintiffs allege caused the fall, plaintiffs' claim was properly dismissed.

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.