■ ANDREA LEVIN et al., Appellants, v PRICE CHOPPER OPERATING COMPANY, INC., et al., Respondents. [941 NYS2d 781]—

Stein, J. Appeal from an order of the Supreme Court (Connolly, J.), entered May 3, 2011 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Andrea Levin (hereinafter plaintiff) was shopping in defendants' store in the Town of Colonie, Albany County when

she stepped on a strawberry near the bakery section, causing her to slip and fall. Plaintiff and her husband, derivatively, commenced this action seeking damages for injuries allegedly sustained as a result of the accident. After depositions were conducted, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiffs now appeal.

We affirm. As the moving party, defendants bore the initial burden of establishing their prima facie entitlement to judgment by demonstrating that they maintained the premises in a reasonably safe manner and neither created the dangerous condition about which plaintiffs complain nor had actual or constructive knowledge of such condition (*see Black v Kohl's Dept. Stores, Inc.*, 80 AD3d 958, 959 [2011]; *Cietek v Bountiful Bread of Stuyvesant Plaza, Inc.*, 74 AD3d 1628, 1629 [2010]; *Cerkowski v Price Chopper Operating Co., Inc.*, 68 AD3d 1382, 1383 [2009]). To that end, defendants submitted the deposition testimony of Gregory Fernau, the store manager, that either he and/or his co-managers generally conducted inspections by walking through the store approximately every hour. Fernau testified that he observed the floor area where plaintiff fell within an hour before her fall and that it was clear and dry. Fernau and Ann Marie Pontari, a bakery department employee, both testified that they had not received any complaints about strawberries on the floor at any time. This satisfied defendants' initial burden, thereby shifting the burden to plaintiffs to provide evidence sufficient to establish a triable issue of fact (*see Black v Kohl's Dept. Stores, Inc.*, 80 AD3d at 959; *Cietek v Bountiful Bread of Stuyvesant Plaza, Inc.*, 74 AD3d at 1629; *Cerkowski v Price Chopper Operating Co., Inc.*, 68 AD3d at 1384).

Plaintiffs failed to offer any evidence that defendants created the condition (*see Cerkowski v Price Chopper Operating Co., Inc.*, 68 AD3d at 1384). There was no evidence that any of defendants' employees dropped the strawberry, and plaintiffs' theory that it was dropped by a bakery employee while retrieving strawberries from the produce department is sheer speculation. Nor did plaintiffs proffer any evidence that defendants had actual or constructive knowledge of the strawberry on the floor, as they have not demonstrated that the condition was visible, apparent and existed for a sufficient period of time for defendants to have discovered and remedied the situation (*see Hagin v Sears, Roebuck & Co.*, 61 AD3d 1264, 1266 [2009]). While plaintiff and Fernau both acknowledged that, after plaintiff fell, they observed another smeared patch of strawberry on the floor

near where she fell, plaintiffs provided no evidence—other than Fernau's testimony that the area was clear and dry within an hour of the incident—of the length of time the strawberries were present on the floor. Accordingly, summary judgment was properly awarded to defendants.

Mercure, A.P.J., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.