■ THOMAS McGRATH et al., Respondents, v GEORGE WESTON BAKERIES, INC., et al., Appellants. [986 NYS2d 644]—

Peters, P.J. Appeal from an order of the Supreme Court (Muller, J.), entered June 18, 2013 in Clinton County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Thomas McGrath (hereinafter plaintiff), a tractor trailer driver employed by Penske Logistics, was responsible for transporting bread products between defendants' facilities in various locations throughout upstate New York. Defendants' employees placed the bread on "interlocking" plastic trays, stacked them 15 high on wheeled dollies and loaded them onto trailers for transport. On February 28, 2007, plaintiff picked up a trailer of bread from defendants' facility in the Town of Colonie, Albany County to be delivered to defendants' depot in the City of Glens Falls, Warren County. Upon arriving at the Glens Falls facility, plaintiff opened the trailer door, removed the load bar holding the dollies in place and began unloading the truck. At some point in the process of unloading, as plaintiff

was pushing one dolly of bread and pulling another, several trays from the rack he was pulling fell and struck him in the head and neck. Plaintiff and his wife, derivatively, commenced this action alleging that defendants negligently stacked the trays on dollies, failed to properly secure the load in the tractor trailer, and did not maintain proper and adequate unloading facilities. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint and plaintiffs cross-moved for leave to serve an amended complaint. Supreme Court denied both motions, and defendants appeal.

As the proponents of the summary judgment motion, defendants bore the initial burden of demonstrating that they maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition (see *Dillenbeck v Shovelton*, 114 AD3d 1125, 1126 [2014]; *Flahive v Union Coll.*, 99 AD3d 1151, 1152 [2012]; *Cietek v Bountiful Bread of Stuyvesant Plaza, Inc.*, 74 AD3d 1628, 1629 [2010]). With respect to plaintiffs' allegations regarding the Glens Falls facility, defendants proffered the expert affidavit of a civil engineer who personally inspected the facility, concluded that the design and construction of its loading dock and floor were in compliance with all applicable codes, and opined that no dangerous conditions or defects existed that would have caused or contributed to plaintiff's accident. Defendants also submitted the deposition testimony of their regional distribution manager and an employee responsible for conducting safety audits at the Glens Falls facility, both of whom stated that no complaints had been made regarding the facility's flooring or its condition prior to the accident. This evidence was sufficient to meet defendant's initial burden of making a prima facie showing that it kept the facility's unloading area in a reasonably safe condition (see *Hyatt v Price Chopper Operating Co., Inc.*, 90 AD3d 1218, 1220 [2011]; *Cietek v Bountiful Bread of Stuyvesant Plaza, Inc.*, 74 AD3d at 1629; *Cerkowski v Price Chopper Operating Co., Inc.*, 68 AD3d 1382, 1383 [2009]; *Ensher v Charlton*, 64 AD3d 1032, 1033 [2009]). In opposition, plaintiffs failed to submit any evidence raising a triable issue of fact as to whether a dangerous or defective condition existed with respect to the unloading area.

With respect to plaintiffs' allegations regarding the bread trays utilized by defendants and the manner in which they were stacked on dollies and secured within the trailer by defendants' employees, defendants' expert merely averred that the bread trays at issue were "common in the industry" and "appropriate" for the use to which defendants put them. Moreover, al-

though defendants' witnesses described the general procedure for loading bread trays onto the dollies and securing them in the trucks, neither had any personal knowledge as to whether this was properly done on the day of the accident (*see Jackson v Manhattan Mall Eat LLC*, 111 AD3d 519, 520 [2013]; *Madalinski v Structure-Tone, Inc.*, 47 AD3d 687, 688 [2008]; *Monge v Home Depot*, 307 AD2d 501, 502 [2003]; *Connor v Tee Bar Corp.*, 302 AD2d 729, 730-731 [2003]; *Montuori v Town of Colonie*, 277 AD2d 643, 645 [2000]).

Even assuming that this evidence was sufficient to demonstrate, as a matter of law, that defendants neither created the dangerous condition that caused plaintiff's accident nor had actual or constructive notice of it, plaintiffs have raised triable questions of fact that preclude an award of summary judgment. In opposition to the motion, plaintiffs submitted affidavits from two of Penske's former employees. Both asserted that they delivered bread products to the Glens Falls facility by the same means as plaintiff and that the trays were often improperly stacked by defendants' employees, causing them to be unstable and fall without warning. One further averred that, unlike trays previously used by defendants that were held secure by a metal rod, the trays at issue here did not truly interlock with one another, particularly those "mismatched" trays that were of different colors.* Additionally, they both claimed that they had made complaints to defendants' employees about the trays and how they were stacked, yet nothing was done to correct the situation. Plaintiffs' expert averred that bread trays from different manufacturers have slightly different physical characteristics and dimensions and do not nest properly within one another. Considering this evidence in a light most favorable to plaintiffs and according them the benefit of every reasonable inference that can be drawn therefrom (*see Stevenson v Saratoga Performing Arts Ctr., Inc.*, 115 AD3d 1086, 1087 [2014]; *Beckerleg v Tractor Supply Co.*, 107 AD3d 1208, 1209 [2013]), we conclude that questions of fact remain as to whether defendants' employees created the hazardous condition that caused plaintiff's accident and whether defendants had notice of a recurrent, dangerous condition with respect to the bread trays (*see Black v Kohl's Dept. Stores, Inc.*, 80 AD3d 958, 961 [2011]; *Mazerbo v Murphy*, 52 AD3d 1064, 1066-1067 [2008], *appeal dismissed* 11 NY3d 770 [2008]; *Rosati v Kohl's Dept. Stores*, 1 AD3d 674, 675 [2003]; *Garcia v U-Haul Co.*, 303 AD2d 453, 454 [2003]; *Golden v Coinmach Indus.*, 273 AD2d 4, 5-6 [2000]; *McLaughlan v Waldbaums, Inc.*, 237 AD2d 335, 335 [1997]).

---

* Photographs submitted by defendants on their motion confirm their use of different colored trays to transport bread products.

Finally, we reject defendants' contention that summary judgment is warranted because plaintiffs cannot identify exactly what caused the trays to fall. The absence of direct evidence of causation does not necessarily compel a grant of summary judgment, as proximate cause may be inferred from the facts and circumstances underlying the injury (*see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744 [1986]; *Seelinger v Town of Middletown*, 79 AD3d 1227, 1229-1230 [2010]). Plaintiff testified that the bread trays fell from the dolly because the stack was unstable, and "the fact that other causes might exist for [the accident] establishes a question of fact as to proximate cause which must be resolved by a trier of fact" (*Gerfin v North Colonie Cent. School Dist.*, 41 AD3d 1085, 1086-1087 [2007]; *accord Bush v Mechanicville Warehouse Corp.*, 69 AD3d 1207, 1209 [2010]; *see Litts v Best Kingston Gen. Rental*, 7 AD3d 949, 951 [2004]).

Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.